■ FLEET CAPITAL LEASING/GLOBAL VENDOR FINANCE, Plaintiff, v ANGIULI MOTORS, INC., Defendant and Third-Party Plaintiff-Respondent. MARKET SCAN INFORMATION SYSTEMS, INC., Third-Party Defendant-Appellant. [790 NYS2d 684]—

In an action, inter alia, to recover damages for breach of contract, the third-party defendant Market Scan Information Systems, Inc., appeals from an order of the Supreme Court, Richmond County (Minardo, J.), dated July 28, 2003, which denied its motion pursuant to CPLR 3211 (a) (2) to dismiss the third-party complaint for lack of subject matter jurisdiction.

Ordered that the order is reversed, on the law, the motion is granted, and the third-party complaint is dismissed.

The defendant third-party plaintiff, Angiuli Motors, Inc. (hereinafter Angiuli), entered into an agreement with the third-party defendant, Market Scan Information Systems, Inc. (hereinafter Market Scan). The agreement, inter alia, contained a clause providing that "[c]ourts of competent subject-matter jurisdiction located within the County of Los Angeles California shall have exclusive jurisdiction over all disputes arising from or relating to this agreement."

"Contractual forum selection clauses are prima facie valid and enforceable unless [they are] shown by the challenging party to be unreasonable, unjust, in contravention of public policy, invalid due to fraud or overreaching, or it is shown that a trial in the selected forum would be so gravely difficult that the challenging party would, for all practical purposes, be deprived of its day in court" (*Premium Risk Group v Legion Ins. Co.*, 294 AD2d 345, 346 [2002]). Angiuli failed to sufficiently demonstrate that the subject clause was invalid for any of these reasons.

Moreover, "[a] party that signs a document is conclusively bound by its terms absent a valid excuse for having failed to read it" (*Guerra v Astoria Generating Co., L.P.*, 8 AD3d 617, 618 [2004]). The agreement stated clearly above the signature line that the terms on the reverse side were part of the contract, and those terms stated clearly that the courts of Los Angeles County were to have exclusive jurisdiction. Thus, Angiuli is bound by the subject forum selection clause.

Angiuli offered no valid ground for setting aside the forum selection clause. Accordingly, Market Scan's motion to dismiss the third-party complaint for lack of subject matter jurisdiction should have been granted (*see Hunt v Landers*, 309 AD2d 900, 901 [2003]). Schmidt, J.P., Adams, Santucci and Skelos, JJ., concur.