■ HARRY CASPER, INC., Respondent, v PINES ASSOCIATES, L.P., et al., Defendants, and MILTON KOENIGSBERG et al., Appellants. [861 NYS2d 820]—

Malone Jr., J. Appeal from an order of the Supreme Court (Mulvey, J.), entered January 7, 2008 in Tompkins County, which denied the motions of defendants Milton Koenigsberg and Cornelius E. Sigety for a change in venue.

Plaintiff, a limited partner in defendant Pines Associates, L.P., commenced this derivative action seeking, among other things, to invalidate an option agreement between Pines and defendant Cornelius E. Sigety—which purportedly grants Sigety the right to purchase a certain parcel of real property owned by Pines—and an accounting from defendant Milton Koenigsberg of rents that he received while acting on behalf of Pines. Citing a forum selection provision in the option agreement, Sigety and Koenigsberg each moved for a change of venue to New York County. Finding, among other things, that plaintiff's allegations that the option agreement was the product of fraud were sufficient to invalidate the forum selection clause contained therein, Supreme Court denied their motions. Sigety and Koenigsberg now appeal.

Forum selection clauses are prima facie valid (*see Brooke Group v JCH Syndicate 488*, 87 NY2d 530, 534 [1996]) and will not be set aside unless the party opposing the clause demonstrates that the enforcement of such " 'would be unreasonable and unjust or that the clause is invalid because of fraud or overreaching, such that a trial in the contractual forum would be so gravely difficult and inconvenient that the challenging party

would, for all practical purposes, be deprived of his or her day in court' " (*Sterling Natl. Bank v Eastern Shipping Worldwide, Inc.*, 35 AD3d 222, 222 [2006], quoting *British W. Indies Guar. Trust Co. v Banque Internationale A Luxembourg*, 172 AD2d 234 [1991]). Although plaintiff made general allegations that the option agreement is invalid due to fraud, it has not specifically alleged that the clause at issue was the result of fraud or overreaching (*see LSPA Enter., Inc. v Jani-King of N.Y., Inc.*, 31 AD3d 394, 395 [2006]; *Bell Constructors v Evergreen Caissons*, 236 AD2d 859, 860 [1997]). Nor has plaintiff established any other grounds to invalidate the clause.

Finally, plaintiff's claim that it is not bound by the clause because it was not a signatory to the option agreement is not persuasive, considering that Pines was a signatory and would be bound by the clause and plaintiff's rights and interests in this litigation are derivative of the rights and interests of Pines (*see* Partnership Law §§ 115-a, 121-1002; *see also Lipcon v Underwriters at Lloyd's, London*, 148 F3d 1285, 1299 [11th Cir 1998], *cert denied* 525 US 1093 [1999]; *Great N. Ins. Co. v Constab Polymer-Chemie GmbH & Co.*, 2007 WL 2891981, *7, 2007 US Dist LEXIS 72873, *21-22 [ND NY 2007]).

Cardona, P.J., Peters, Carpinello and Rose, JJ., concur. Ordered that the order is reversed, on the law, with one bill of costs, and motions granted.