■ KELLI HORTON, Respondent, v CONCERNS OF POLICE SURVIVORS, INC., Appellant. [878 NYS2d 793]—

In an action, inter alia, to recover damages for breach of an employment agreement, the defendant appeals from an order of the Supreme Court, Dutchess County (Pagones, J.), dated October 10, 2008, which denied its motion to dismiss the complaint based upon a forum selection clause, and for an award of costs, including an attorney's fee, pursuant to 22 NYCRR 130-1.1.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the defendant's motion which was to dismiss the complaint based upon a forum selection clause and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, with costs to the defendant.

The parties to an agreement "may freely select a forum which will resolve any disputes over the interpretation or performance of the contract" (*Brooke Group v JCH Syndicate 488*, 87 NY2d 530, 534 [1996]). Such a forum selection clause is prima facie valid and enforceable "unless it is shown by the challenging party to be unreasonable, unjust, in contravention of public policy, invalid due to fraud or overreaching, or it is shown that a trial in the selected forum would be so gravely difficult that the challenging party would, for all practical purposes, be deprived of its day in court" (*LSPA Enter., Inc. v Jani-King of N.Y., Inc.*, 31 AD3d 394, 395 [2006]; *see Harry Casper, Inc. v Pines Assoc., L.P.*, 53 AD3d 764, 765 [2008]; *Stravalle v Land Cargo, Inc.*, 39 AD3d 735 [2007]; *Fleet Capital Leasing/Global Vendor Fin. v Angiuli Motors, Inc.*, 15 AD3d 535 [2005]). "Absent a strong showing that it should be set aside, a forum selection agreement will control" (*Di Ruocco v Flamingo Beach Hotel & Casino*, 163 AD2d 270, 272 [1990]).

Here, the plaintiff failed to make the requisite "strong show-

ing" that the forum selection clause in her employment agreement, which requires disputes to be decided in the courts of the State of Missouri, should be set aside. Although the plaintiff averred that she is a single mother who resides with her teenaged daughter in Dutchess County, New York, this claim was insufficient, standing alone, to demonstrate that enforcement of the forum selection clause would be unjust (see *Hirschman v National Textbook Co.*, 184 AD2d 494 [1992]; *Di Ruocco v Flamingo Beach Hotel & Casino*, 163 AD2d 270 [1990]). The plaintiff offered no evidence that the cost of commencing a wrongful discharge action in Missouri would be so financially prohibitive that, for all practical purposes, she would be deprived of her day in court. Moreover, the plaintiff did not allege that the inclusion of a forum selection clause in her employment contract was the product of overreaching, and she did not demonstrate that the clause is unconscionable (see *Lawrence v Graubard Miller*, 11 NY3d 588 [2008]; *Gillman v Chase Manhattan Bank*, 73 NY2d 1, 10-11 [1988]; *Arrowhead Golf Club, LLC v Bryan Cave, LLP*, 59 AD3d 347 [2009]). Accordingly, the Supreme Court should have granted that branch of the defendant's motion which was to dismiss the complaint based upon the forum selection clause of the subject agreement.

However, the Supreme Court properly denied that branch of the defendant's motion which was for an award of costs, including an attorney's fee. The plaintiff's commencement of this action in the Supreme Court, Dutchess County, was not frivolous within the meaning of 22 NYCRR 130-1.1. Dillon, J.P., Angiolillo, Dickerson and Eng, JJ., concur.