■ DONALD J. TRUMP et al., Respondents, v DEUTSCHE BANK TRUST COMPANY AMERICAS et al., Defendants, and FORTRESS CREDIT CORP. et al., Appellants. (Action No. 1.) DEUTSCHE BANK TRUST COMPANY AMERICAS, Plaintiff, v DONALD J. TRUMP, Defendant. (Action No. 2.) [887 NYS2d 121]—

In two related actions, inter alia, for a judgment declaring the parties' rights and obligations arising under two loan agreements, and related injunctive relief, the defendants Fortress Credit Corp., Newcastle Investment Corp., Drawbridge Special Opportunities Fund, L.P., Blackacre Institutional Capital Management, LLC, PCRL Investments, L.P., and Dune Capital, L.P., appeal from so much of an order of the Supreme Court, Queens County (Kitzes, J.), dated January 15, 2009, as, upon transferring venue in action No. 2 from New York County to Queens County and directing the Clerk of the Supreme Court, New York County, to deliver to the Clerk of the Supreme Court, Queens County, all papers filed in action No. 2 and certified copies of all minutes and entries, denied their motion pursuant to CPLR 501 and 511 to change the venue of action No. 1 from Queens County to New York County.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion of the defendants Fortress Credit Corp., Newcastle Investment Corp., Drawbridge Special Opportunities Fund, L.P., Blackacre Institutional Capital

Management, LLC, PCRL Investments, L.P., and Dune Capital, L.P., pursuant to CPLR 501 and 511 to change the venue of action No. 1 from Queens County to New York County is granted, so much of the order as transferred venue in action No. 2 from New York County to Queens County and directed the Clerk of the Supreme Court, New York County, to deliver to the Clerk of the Supreme Court, Queens County, all papers filed in action No. 2 and certified copies of all minutes and entries is vacated, and the Clerk of the Supreme Court, Queens County, is directed to deliver to the Clerk of the Supreme Court, New York County, all papers filed in action Nos. 1 and 2 and certified copies of all minutes and entries (*see* CPLR 511 [d]).

A limited liability company known as 401 North Wabash Venture, LLC (hereinafter Wabash), entered into a construction loan agreement, as borrower, with Deutsche Bank Trust Company Americas and Deutsche Bank Securities, Inc. (hereafter together Deutsche), as lenders, as part of the financing of a construction project in Chicago headed by Donald J. Trump. The construction loan agreement contained a forum selection clause which provided that "[a]ny legal suit, action or proceeding against any lender or agent arising out of or relating to this agreement shall be instituted in any federal or state court in New York, New York." Simultaneously with the execution of the construction loan agreement, 401 Mezz Venture, LLC (hereinafter Mezz), entered into a "Mezzanine Loan and Security Agreement" (hereafter the Mezzanine Loan Agreement), as borrower, with Fortress Credit Corp. (hereafter Fortress), as lender, also as part of the financing of the subject construction project. The Mezzanine Loan Agreement contained a forum selection clause which provided, in pertinent part, that "[a]ny legal suit, action or proceeding against lender . . . arising out of or relating to this agreement may at lender's option be instituted in any federal or state court in New York County, New York, and borrower waives any objections which it may now or hereafter have based on venue and/or forum non conveniens of any such suit, action or proceeding, and borrower hereby irrevocably submits to the jurisdiction of any such court in any suit, action or proceeding." At the same time as the aforementioned agreements were executed, Deutsche Bank Trust Company Americas and Fortress also entered into a "Subordination and Intercreditor Agreement," whereby it was agreed, inter alia, that the right of payment under the Mezzanine Loan Agreement would be subordinated to the construction loan agreement.

Trump, Mezz, Wabash, and Trump International Hotels Management, LLC, together commenced action No. 1 in the

Supreme Court, Queens County, against Deutsche and a syndicate of lenders who bought participation interests in the construction loan agreement, as well as against Fortress and a syndicate of lenders (hereafter collectively the Mezzanine defendants) who bought participation interests in the Mezzanine Loan Agreement. The plaintiffs in action No. 1 sought, inter alia, a declaratory judgment and related injunctive relief extending the maturity dates of both the construction and mezzanine loans, based on an alleged economic-crisis, force-majeure event, which the lenders of both loans refused to accept or acknowledge. Deutsche Bank Trust Company Americas later commenced action No. 2 against Trump in the Supreme Court, New York County. Prior to the commencement of action No. 2, the Mezzanine defendants timely moved pursuant to CPLR 501 and 511 to change the venue of action No. 1 from Queens County to New York County, citing, inter alia, the forum selection clause contained in the Mezzanine Loan Agreement. Thereafter, the plaintiffs in action No. 1 moved to consolidate action Nos. 1 and 2, and place venue of the consolidated action in Queens County. The Supreme Court, Queens County, directed the two actions to be jointly tried, denied the motion for change of venue in action No. 1, and transferred venue in action No. 2 from New York County to Queens County. We reverse the order insofar as appealed from, grant the motion to change venue in action No. 1 from Queens County to New York County, and vacate so much of the order as transferred venue in action No. 2 from New York County to Queens County.

A contractual forum selection clause is prima facie valid and enforceable "unless it is shown by the challenging party to be unreasonable, unjust, in contravention of public policy, invalid due to fraud or overreaching, or it is shown that a trial in the selected forum would be so gravely difficult that the challenging party would, for all practical purposes, be deprived of its day in court" (*Horton v Concerns of Police Survivors, Inc.*, 62 AD3d 836, 836 [2009], *lv denied* 13 NY3d 706 [2009]; *see Brooke Group v JCH Syndicate 488*, 87 NY2d 530, 534 [1996]; *Harry Casper, Inc. v Pines Assoc., L.P.*, 53 AD3d 764, 764-765 [2008]; *Best Cheese Corp. v All-Ways Forwarding Int'l. Inc.*, 24 AD3d 580, 581 [2005]; *Fleet Capital Leasing/Global Vendor Fin. v Angiuli Motors, Inc.*, 15 AD3d 535, 536 [2005]; *Premium Risk Group v Legion Ins. Co.*, 294 AD2d 345, 346 [2002]). The plaintiffs failed to demonstrate that the subject clause contained in the Mezzanine Loan Agreement was invalid for any of these reasons. Nor is there any merit to their argument that the subject clause contained in the Mezzanine Loan Agreement was either permissive or insufficiently mandatory, or

applied only to actions commenced by the lender (*see e.g. Fear & Fear, Inc. v N.I.I. Brokerage, L.L.C.*, 50 AD3d 185 [2008]). Further, and contrary to the plaintiffs' contention, the Mezzanine Loan Agreement forum selection clause is neither subordinate to, nor in conflict with, the forum selection clause in the construction loan agreement. We also reject the claim that the complaint in action No. 1 does not seek relief from the Mezzanine defendants sufficient to trigger the forum selection clause in the Mezzanine Loan Agreement. Accordingly, the motion pursuant to CPLR 501 and 511 to change the venue of action No. 1 from Queens County to New York County should have been granted, and the two actions should have been directed to be jointly tried in New York County. Fisher, J.P., Balkin, Hall and Austin, JJ., concur.