■ KMK SAFETY CONSULTING, LLC, Appellant, v JEFFREY M. BROWN ASSOCIATES, INC., et al., Respondents. [897 NYS2d 649]—

In an action, inter alia, to recover damages for breach of contract and unjust enrichment, the plaintiff appeals from an order of the Supreme Court, Richmond County (Maltese, J.), dated May 4, 2009, which granted that branch of the defendants' motion which was pursuant to CPLR 3211 (a) (1) to dismiss the complaint on the basis of a forum selection agreement.

Ordered that the order is affirmed, with costs.

On a motion pursuant to CPLR 3211 to dismiss a pleading, the factual allegations contained therein will be presumed to be true and will be construed in the light most favorable to the opponent of the motion (*see Leon v Martinez*, 84 NY2d 83, 87-88 [1994]). Moreover, where the motion to dismiss is founded upon documentary evidence under CPLR 3211 (a) (1), the movant will only be entitled to dismissal if the documentary evidence submitted "conclusively establishes a defense to the asserted claims as a matter of law" (*Leon v Martinez*, 84 NY2d at 88; *see Arker Cos. v New York State Urban Dev. Corp.*, 47 AD3d 739, 740 [2008]).

In the present action, arising out of a contractual dispute and commenced in the Supreme Court, Richmond County, the defendants produced a copy of the subject contract in support of their motion. That contract recited, inter alia, that the defendant Jeffrey M. Brown Associates, Inc., was a Pennsylvania corporation, and it further provided, in relevant part, that

"[a]ny dispute between the parties related to this Contract shall be determined by the Pennsylvania Court of Common Pleas, Philadelphia County." Contrary to the plaintiff's contention, the Supreme Court properly granted the defendants' motion to dismiss the complaint on the basis of documentary evidence containing this unambiguous forum selection clause.

"A contractual forum selection clause is prima facie valid and enforceable unless it is shown by the challenging party to be unreasonable, unjust, in contravention of public policy, invalid due to fraud or overreaching, or it is shown that a trial in the selected forum would be so gravely difficult that the challenging party would, for all practical purposes, be deprived of its day in court" (*LSPA Enter., Inc. v Jani-King of N.Y., Inc.*, 31 AD3d 394, 395 [2006]; *see Boss v American Express Fin. Advisors, Inc.*, 6 NY3d 242, 246 [2006]; *Brooke Group v JCH Syndicate 488*, 87 NY2d 530, 534 [1996]; *Trump v Deutsche Bank Trust Co. Ams.*, 65 AD3d 1329, 1331 [2009]; *W.J. Deutsch & Sons, Ltd. v Charbaut Am., Inc.*, 57 AD3d 529 [2008]; *Koob v IDS Fin. Servs.*, 213 AD2d 26, 33 [1995]). The plaintiff's vague and conclusory assertions that the forum selection clause is unconscionable and unreasonable are inadequate to defeat the defendants' motion (*see Tatko Stone Prods., Inc. v Davis-Giovinzazzo Constr. Co., Inc.*, 65 AD3d 778, 779 [2009]; *Horton v Concerns of Police Survivors, Inc.*, 62 AD3d 836, 836-837 [2009]; *Harry Casper, Inc. v Pines Assoc., L.P.*, 53 AD3d 764, 765 [2008]; *Stravalle v Land Cargo, Inc.*, 39 AD3d 735, 736 [2007]; *LSPA Enter., Inc. v Jani-King of N.Y., Inc.*, 31 AD3d 394, 395 [2006]). Similarly, the plaintiff's contentions that its president did not read the contract and was unaware of its terms prior to signing it are patently unavailing (*see Gillman v Chase Manhattan Bank*, 73 NY2d 1, 11 [1988]; *British W. Indies Guar. Trust Co. v Banque Internationale A Luxembourg*, 172 AD2d 234 [1991]). Skelos, J.P., Santucci, Angiolillo and Chambers, JJ., concur.

**[Prior Case History: 2009 NY Slip Op 31140(U).]**