[907 NYS2d 49]

JORDAN BERNSTEIN, an Infant, by His Mother and Natural Guardian, MALKA BERNSTEIN, et al., Respondents, v RANDEE WYSOKI et al., Appellants, et al., Defendants.

Second Department, August 24, 2010

## APPEARANCES OF COUNSEL

*Martin Clearwater & Bell, LLP*, New York City (*William P. Brady, Timothy M. Smith* and *Stewart G. Milch* of counsel), for appellants.

*Napoli Bern Ripka, LLP*, New York City (*Denise A. Rubin* of counsel), for respondents.

## OPINION OF THE COURT

DICKERSON, J.

### Factual Background and the Camp Contract

On or about June 25, 2007 the plaintiff Malka Bernstein (hereinafter Malka) entered into a contract (hereinafter the Camp Contract) with the defendant Camp Island Lake (hereinafter the Camp) for her then 13-year-old son, the plaintiff Jordan Bernstein (hereinafter Jordan), to attend the Camp during summer 2007. The Camp is located in Starrucca, Wayne County, Pennsylvania, where it also maintains a summer office. The Camp maintains a winter office in New York City.

The second paragraph of the Camp Contract provided:

> "If it is necessary to obtain off-camp medical/surgical/dental services for the camper, such expenses shall be paid by the parent except the portion supplied by the camp medical staff. *Authority is granted without limitation to the camp/assigns in all medical matters to hospitalize/treat/order injections/anesthesia/surgery for the camper.* The parent is responsible for all pre-existing medical conditions, out of camp medical/surgical/hospital/pharmaceutical/allergy expenses and for providing

adequate quantities of necessary medications and allergy serums to camp in pharmacy containers with doctor's instructions. The parent(s) or legal guardian(s) hereby states that the camper is in good, normal health and has no abnormal physical, emotional, or mental handicaps" (emphasis added).

The Camp Contract also contained a forum selection clause. The sixth paragraph of the Camp Contract provided:

"Enclosed with this agreement is $1000 per child enrolled in program. Payments on account of tuition (less $100 registration fee) will be refunded if requested before January 1st. Cancellations of sessions will not be accepted after January 1st. Thereafter, no refunds will be made. All refunds will be made on or about May 1st. Installments on the balance will be due on January 1st, March 1st, & May 1st. A returned check fee of $25 will be applied to all returned checks. These rates are subject to change without notice. Any outstanding balance precludes admission to camp. *The venue of any dispute that may arise out of this agreement or otherwise between the parties to which the camp or its agents is a party shall be either the local District Justice Court or the Court of Common Pleas, Wayne County, Pennsylvania*" (emphasis added).

The eighth and final paragraph of the Camp Contract provided, in part, "[t]he parent represents that he/she has full authority to enroll the camper/to authorize participation in activities/medical care and to contract the aforesaid."

On or about August 8, 2007, while enrolled at the Camp, Jordan developed a pain in his lower abdomen. The defendants Randee Wysoki and Jill Tschinkel, who were the doctor and registered nurse, respectively, working at the Camp at the time, allegedly cared for Jordan at the Camp before taking him to the defendant Wilson Memorial Regional Medical Center (hereinafter Wilson Memorial), in Johnson City, Broome County, New York, in the vicinity of the Camp. While at Wilson Memorial from August 8, 2007 through August 10, 2007, Jordan allegedly received care and treatment from the defendants Dina Farrell, M.D., Michael Farrell, M.D., Gregory Scagnelli, M.D., Julie Higgins, R.P.A., Patricia Grant, R.N., and William Kazalski, R.N. Allegedly due to the failure of the defendants to timely recognize and properly care for and treat Jordan's condition, he sustained various injuries.

## The Instant Action

In November 2007, Jordan and Malka, both as Jordan's guardian and in her individual capacity, commenced the instant action, inter alia, to recover damages for medical malpractice in the Supreme Court, Nassau County, against, among others, the Camp, Wilson Memorial, "Randy 'Doe,' M.D.," " 'Jane Doe' R.N.," Dina Farrell, and Michael Farrell. Thereafter, the plaintiffs amended their complaint to substitute Wysoki for the defendant Randy "Doe," and to add Scagnelli as a defendant.

After joinder of issue, the Camp moved, inter alia, to dismiss the complaint insofar as asserted against it pursuant to CPLR 3211 (a) (1) and 501 based on the forum selection clause in the Camp Contract.

The plaintiffs moved for leave to serve an amended summons and complaint to add Higgins and Jill Tschinkel, R.N., as defendants.

The defendants Grant, Kazalski, and Wilson Memorial jointly cross-moved to change the venue of the action from Nassau County to Broome County pursuant to CPLR 510 and 511 (a) on the grounds that the defendants Grant, Kazalski, Dina Farrell, Michael Farrell, Scagnelli, and Higgins worked and/or resided in, or within approximately 10 minutes of, Broome County, and also because Wilson Memorial was located in Broome County.

The defendants Wysoki, Dina Farrell, Michael Farrell, and Scagnelli (hereinafter collectively the doctor defendants) jointly cross-moved, inter alia, to dismiss the complaint insofar as asserted against them pursuant to CPLR 3211 (a) (1) and 501 based on the forum selection clause in the Camp Contract. The doctor defendants observed that, pursuant to the last paragraph of the Camp Contract, Malka represented that she had the authority to bind Jordan to the Camp Contract. The doctor defendants further pointed out that the Camp Contract "outlined the terms and conditions of [Jordan's] attendance at the Camp, including any necessary medical care and treatment or care and treatment decisions for [Jordan]." In that regard, according to the doctor defendants, "as all the parties to the instant action either provided care and treatment to [Jordan] at the Camp or at [Wilson Memorial] based on the Camp's decision as to what care and treatment [Jordan] needed to receive, any litigation between the parties in this matter is subject to the terms and conditions of the [Camp Contract]."

Specifically, the doctor defendants argued that Wysoki was covered by the Camp Contract because she "was the physician working at the Camp who sent [Jordan] to [Wilson Memorial]" and thus "is part of this lawsuit through her work at the Camp." The doctor defendants further argued that Dina Farrell, Michael Farrell, and Scagnelli were covered by the Camp Contract because they "treated [Jordan] at [Wilson Memorial] pursuant to the Camp's decision as 'in loco parentis' and with the authority granted to the Camp . . . to have [Jordan] treated at a hospital" and thus "became involved in the care and treatment of [Jordan] based on the decision made of the Camp to take [Jordan] to [Wilson Memorial]."

The doctor defendants also argued that the Camp Contract contained a prima facie valid forum selection clause that should be enforced "absent a strong showing that it should be set aside." The doctor defendants further argued that the forum selection clause, which by its terms applied to "any dispute that may arise out of this agreement or otherwise between the parties to which the camp or its agents is a party," applied to the instant action, since the plaintiffs' tort claims depended on the existence of the Camp Contract. In that regard, the doctor defendants noted that "there would be no [tort claims] had [Jordan] not been a camper at the Camp during the Summer of 2007," and that Jordan "would not have been a camper at the Camp without the terms and conditions of the [Camp Contract] being accepted and agreed to by [Malka]." Finally, the doctor defendants "noted that the Courts have held that non-parties to an agreement containing a forum selection clause may be entitled to enforce a forum selection clause where the relationship to the signatory is sufficiently close or where the liability of a corporation and an officer is based on the same alleged acts" (citations omitted).

In an order entered June 13, 2008, the Supreme Court, inter alia, denied that branch of the Camp's motion which was to dismiss the complaint insofar as asserted against it based on the forum selection clause, denied that branch of the doctor defendants' cross motion which was to dismiss the complaint insofar as asserted against them based on the forum selection clause, and granted the plaintiffs' motion for leave to serve an amended summons and complaint (2008 NY Slip Op 31711[U]).

The doctor defendants appeal, as limited by their brief, from so much of the foregoing order as denied that branch of their cross motion which was to dismiss the complaint based on the forum selection clause.

The Camp moved for leave to reargue that branch of its motion which was to dismiss the complaint insofar as asserted against it based on the forum selection clause. The Camp argued that the Supreme Court "blurred the distinctions between [a parent's] legal ability to bind an infant plaintiff to the terms of a forum selection clause as opposed to a release of liability," and that, "contrary to a release of liability, the law permits a parent of a minor child who signs a contract with a forum selection clause to bind the minor child to the terms and agreements set forth by the forum selection clause."

The doctor defendants moved, inter alia, for leave to reargue that branch of their cross motion which was to dismiss the complaint insofar as asserted against them based on the forum selection clause. The doctor defendants argued that the Supreme Court erred in finding that Malka could not bind Jordan to the terms of the Camp Contract, including the forum selection clause, stating, "[t]he Courts have consistently held that non-signatory infants, who are the subject of and obtain benefit from an agreement signed by the parent, such as a camp enrollment contract, are considered to be third-party beneficiaries for the purpose of enforcing the terms of the contract." Therefore, according to the doctor defendants, because Jordan "was a third-party beneficiary of the [Camp Contract] and as the forum selection clause in the [Camp Contract] is valid, the forum selection clause must be found to be applicable to [Jordan's] claims as well as [Malka's claims]."

The doctor defendants further argued that the Supreme Court erred in finding "that there was no factual predicate for the foreseeable enforcement [of the forum selection clause in the Camp Contract] by the non-signatory [doctor defendants]." Specifically, noting that the Camp Contract granted authority " 'without limitation to the camp/assigns in all medical matters to hospitalize/treat/order injections/anesthesia/surgery for the camper,' " the doctor defendants argued that the Camp "contract itself contemplated and provided the factual predicate for the medical treatment at issue."

The doctor defendants argued that they "are exactly the 'assigns' that were contemplated by the [Camp Contract], as the same sentence in the contract states that the assigns may 'hospitalize/treat' [Jordan] and/or 'order injections/anesthesia/ surgery' for [Jordan]." Thus, according to the doctor defendants, "the [Camp Contract] is the only mechanism by which [they as non-signatories] were able to 'hospitalize/treat' [Jordan]

and, thus, the [Camp Contract] is the only mechanism by which there are claims for the non-signatory hospitalization and treatment at issue."

The doctor defendants further argued that "there was a sufficiently 'close relationship' between the signatories to the [Camp Contract] and the non-signatory [doctor] defendants, to reasonably foresee that [the doctor defendants] or noted 'assigns' in the contract would seek to enforce the terms of the contract" (emphasis omitted).

Finally, regarding Wysoki in particular, the doctor defendants argued that the Supreme Court erred in finding "that the same acts are not alleged with regard to the claimed liability of the Camp and Dr. Wysoki."

At some point in time, the plaintiffs served a supplemental summons and a second amended summons and complaint, inter alia, adding Higgins as a defendant. Higgins moved, inter alia, to dismiss the complaint insofar as asserted against her based on the forum selection clause.

In an order entered September 30, 2008, the Supreme Court, inter alia, granted leave to reargue to both the Camp and the doctor defendants, and, upon reargument, adhered to its original determination denying the respective branches of the Camp's motion and the doctor defendants' cross motion which were to dismiss the complaint insofar as asserted against them based on the forum selection clause (2008 NY Slip Op 33610[U]). The Supreme Court also denied that branch of Higgins' motion which was to dismiss the complaint insofar as asserted against her based on the forum selection clause.

The doctor defendants appeal from so much of the second order as, upon reargument, adhered to the original determination denying that branch of their cross motion which was to dismiss the complaint based on the forum selection clause, and Higgins jointly appeals from so much of the same order as denied that branch of her motion which was to dismiss the complaint insofar as asserted against her based on the forum selection clause.

## Discussion

" 'A contractual forum selection clause is prima facie valid and enforceable unless it is shown by the challenging party to be unreasonable, unjust, in contravention of public policy, invalid due to fraud or overreaching, or it is shown that a trial in the

selected forum would be so gravely difficult that the challenging party would, for all practical purposes, be deprived of its day in court' " (*Stravalle v Land Cargo, Inc.*, 39 AD3d 735, 736 [2007], quoting *LSPA Enter., Inc. v Jani-King of N.Y., Inc.*, 31 AD3d 394, 395 [2006]; *see Harry Casper, Inc. v Pines Assoc., L.P.*, 53 AD3d 764, 765 [2008]; *Fleet Capital Leasing/ Global Vendor Fin. v Angiuli Motors, Inc.*, 15 AD3d 535 [2005]).

" 'Absent a strong showing that it should be set aside, a forum selection agreement will control' " (*Horton v Concerns of Police Survivors, Inc.*, 62 AD3d 836, 836 [2009], quoting *Di Ruocco v Flamingo Beach Hotel & Casino*, 163 AD2d 270, 272 [1990]).

## The Forum Selection Clause Is Prima Facie Valid and Enforceable

In *Horton v Concerns of Police Survivors, Inc.* (62 AD3d 836, 836-837 [2009]), considering a forum selection clause under similar circumstances, we concluded,

> "Here, the plaintiff failed to make the requisite 'strong showing' that the forum selection clause in her employment agreement, which requires disputes to be decided in the courts of the State of Missouri, should be set aside. Although the plaintiff averred that she is a single mother who resides with her teenaged daughter in Dutchess County, New York, this claim was insufficient, standing alone, to demonstrate that enforcement of the forum selection clause would be unjust. The plaintiff offered no evidence that the cost of commencing a wrongful discharge action in Missouri would be so financially prohibitive that, for all practical purposes, she would be deprived of her day in court. Moreover, the plaintiff did not allege that the inclusion of a forum selection clause in her employment contract was the product of overreaching, and she did not demonstrate that the clause is unconscionable." (Citations omitted.)

■ Similarly, here, the plaintiffs failed to demonstrate that the forum selection clause is unreasonable or unjust, or that a trial in Wayne County, Pennsylvania, would be so gravely difficult that, for all practical purposes, they would be deprived of their day in court. Moreover, the plaintiffs failed to allege, let

alone demonstrate, that the forum selection clause was the result of fraud or overreaching. Under these circumstances, the plaintiffs failed to make any showing, let alone a strong showing, that the forum selection clause should be set aside on such bases (*id.*; *see Trump v Deutsche Bank Trust Co. Ams.*, 65 AD3d 1329, 1331-1332 [2009]; *compare Yoshida v PC Tech U.S.A. & You-Ri, Inc.*, 22 AD3d 373 [2005] [the Supreme Court properly declined to enforce a contractual forum selection clause fixing Tokyo as the forum for any litigation between the parties, since the plaintiff made "a strong showing that a trial in Tokyo would be so impracticable and inconvenient that she would be deprived of her day in court"]).

## The Forum Selection Clause Applies to this Action

■ Further, the forum selection clause applies to the instant tort action. Notwithstanding the placement of the forum selection clause in the sixth paragraph of the Camp Contract, which otherwise pertains to fees, tuition, and refund policies, the applicability of the forum selection clause does not turn on the type or nature of the dispute between the parties. Rather, by its express language, the forum selection clause applies to "any dispute that may arise out of this agreement or otherwise between the parties to which the camp or its agents is a party" (*see Tourtellot v Harza Architects, Engrs. & Constr. Mgrs.*, 55 AD3d 1096, 1097-1098 [2008] [rejecting the defendant's claim that the subject forum selection clause in its agreement with the third-party defendant " 'was never intended to apply to third-party claims in personal injury and products liability actions such as . . . plaintiff's action here,' (since) under its broad and unequivocal terms, the applicability of the subject forum selection clause does not turn on the type or nature of the dispute between them; rather, it applies to 'any dispute arising under or in connection with' their agreement"]; *see also Buhler v French Woods Festival of Performing Arts*, 154 AD2d 303, 304 [1989] [in a personal injury action to recover damages for negligence, the plaintiffs were bound by a forum selection clause in a camp enrollment contract which provided that "(t)he venue of any dispute that may arise out of this agreement or otherwise between the parties to which the camp or its agents is a party shall be either the Village of Hancock, N.Y. Justice Court or the County or State Supreme Court in Delaware County"]).

## Jurisdiction and Venue

■ Moreover, the forum selection clause is enforceable as a general matter even though it does not include any language

expressly providing that the plaintiffs and the Camp intended to grant exclusive jurisdiction to Pennsylvania. The forum selection clause relates to both jurisdiction and venue, and employs mandatory venue language, providing that the venue of any dispute arising out of the agreement or otherwise between the parties "shall be either the local District Justice Court or the Court of Common Pleas, Wayne County, Pennsylvania." Accordingly, since the forum selection clause addresses jurisdiction and contains mandatory venue language, the clause fixing venue is enforceable (*see Fear & Fear, Inc. v N.I.I. Brokerage, L.L.C.*, 50 AD3d 185, 187 [2008]; *John Boutari & Son, Wines & Spirits, S.A. v Attiki Importers & Distribs. Inc.*, 22 F3d 51, 52 [1994]).

## Enforceability of Forum Selection Clause by Nonsignatories

Notwithstanding the fact that the forum selection clause is prima facie valid and enforceable and applicable to the instant tort action as a general matter, this Court must further determine whether the defendant doctors and Higgins, who are not signatories to the Camp Contract, may enforce the forum selection clause.

As a general rule, "only parties in privity of contract may enforce terms of the contract such as a forum selection clause found within the agreement" (*Freeford Ltd. v Pendleton*, 53 AD3d 32, 38 [2008]; *see ComJet Aviation Mgt. v Aviation Invs. Holdings*, 303 AD2d 272 [2003]). However,

> "there are three sets of circumstances under which a non-party may invoke a forum selection clause: First, it is well settled that an entity or individual that is a third-party beneficiary of the agreement may enforce a forum selection clause found within the agreement. Second, parties to a 'global transaction' who are not signatories to a specific agreement within that transaction may nonetheless benefit from a forum selection clause contained in such agreement if the agreements are executed at the same time, by the same parties or for the same purpose. Third, a nonparty that is 'closely related' to one of the signatories can enforce a forum selection clause. The relationship between the nonparty and the signatory in such cases must be sufficiently close so that enforcement of the clause is foreseeable by virtue of the relationship between them."
> (*Freeford Ltd. v Pendleton*, 53 AD3d at 38-39 [cita-

tions omitted]; *see Direct Mail Prod. Servs. v MBNA Corp.*, 2000 WL 1277597,\*3, 2000 US Dist LEXIS 12945, \*8 [SD NY 2000]; *cf. EPIX Holdings Corp. v Marsh & McLennan Cos., Inc.*, 410 NJ Super 453, 463, 982 A2d 1194, 1200 [2009] ["It is clear that in certain situations, a non-signatory to an arbitration agreement may compel a signatory to arbitrate. Since arbitration agreements are analyzed under traditional principles of state law, such principles allow a contract to be enforced by or against nonparties to the contract through assumption, piercing the corporate veil, alter ego, incorporation by reference, third-party beneficiary theories, waiver and estoppel" (citations and internal quotation marks omitted)].)

■ Here, relying on the provision in the Camp Contract by which the plaintiffs granted authority to the Camp and to its "assigns" in all medical matters, inter alia, to hospitalize and treat Jordan, Dina Farrell, Michael Farrell, Scagnelli, and Higgins claim to have a sufficiently close relationship with the Camp such that enforcement of the forum selection clause by them was foreseeable to the plaintiffs by virtue of that relationship. Significantly, however, there is nothing in the Camp Contract indicating that the Camp intended to use Dina Farrell, Michael Farrell, Scagnelli, and Higgins in particular in the event Jordan required "off-camp" medical services. In fact, there is nothing in the Camp Contract indicating that the Camp intended to use Wilson Memorial—located in a different state from the Camp—and its physicians and physician assistants in the event Jordan required medical services.

Under these circumstances, Dina Farrell, Michael Farrell, Scagnelli, and Higgins do not have a sufficiently close relationship with the Camp such that enforcement of the forum selection clause by them was foreseeable to the plaintiffs by virtue of that relationship (*cf. Freeford Ltd. v Pendleton*, 53 AD3d at 40-41 ["Even a cursory examination of these two agreements makes clear that (defendants) Lane Pendleton and Cairnwood Management had every reason to foresee that (plaintiff) Freeford would seek to enforce the forum selection clause against them"]; *Dogmoch Intl. Corp. v Dresdner Bank*, 304 AD2d 396, 397 [2003] ["(a)lthough defendant was a nonsignatory to the account agreements, it was reasonably foreseeable that it would seek to enforce the forum selection clause given the close relationship between itself and its (signatory) subsidiary"]; *Direct*

*Mail Prod. Servs. v MBNA Corp.*, 2000 WL 1277597, \*4-5, 2000 US Dist LEXIS 12945, \*10-14 [where "a number of . . . clauses in the Agreement between (plaintiff) Direct Mail and (nonparty) MBNA Direct indicate that the signatories intended the contract to benefit related (nonsignatory defendant) MBNA companies," MBNA Corporation and MBNA America Bank, N.A., were sufficiently closely related to MBNA Direct such that it was foreseeable that they would seek to enforce a forum selection clause contained in the subject agreement]).

█ Conversely, however, we conclude that Wysoki, as an employee of the Camp, is entitled to enforce the forum selection clause despite her status as a nonsignatory to the Camp Contract. The forum selection clause itself applies to "any dispute that may arise out of this agreement or otherwise between the parties to which the camp *or its agents* is a party" (emphasis added). Moreover, we find that the Camp's relationship with Wysoki, its on-site medical employee, was "sufficiently close so that enforcement of the clause [was] foreseeable by virtue of the relationship between them" (*Freeford Ltd. v Pendleton*, 53 AD3d at 39). Thus, Wysoki, despite being a nonsignatory to the Camp Contract, was entitled to enforce the valid forum selection clause. Accordingly, the Supreme Court should have granted that branch of the doctor defendants' cross motion which was to dismiss the complaint insofar as asserted against Wysoki based on the forum selection clause.

## Conclusion

The Supreme Court properly denied that branch of Higgins' motion which was to dismiss the complaint insofar as asserted against her pursuant to CPLR 3211 (a) (1) and 501 based on the forum selection clause. However, the Supreme Court improperly, upon reargument, adhered to its prior determination denying that branch of the doctor defendants' cross motion which was to dismiss the complaint insofar as asserted against Wysoki pursuant to CPLR 3211 (a) (1) and 501 based on the forum selection clause.

Accordingly, the appeal from the order entered June 13, 2008 is dismissed, as that order was superseded by the order entered September 30, 2008, made upon reargument. The order entered September 30, 2008 is modified, on the law, by deleting the provision thereof, upon reargument, adhering to the determination in the order entered June 13, 2008, denying that branch of the doctor defendants' cross motion which was to dismiss the

complaint insofar as asserted against Wysoki pursuant to CPLR 3211 (a) (1) and 501 based on the forum selection clause and substituting therefor a provision, upon reargument, vacating the determination in the order entered June 13, 2008 denying that branch of the doctor defendants' cross motion which was to dismiss the complaint insofar as asserted against Wysoki pursuant to CPLR 3211 (a) (1) and 501 based on the forum selection clause and thereupon granting that branch of the cross motion. As so modified, the order entered September 30, 2008 is affirmed insofar as appealed from.

RIVERA, J.P., MILLER and ROMAN, JJ., concur.

Ordered that the appeal from the order entered June 13, 2008 is dismissed, without costs or disbursements, as that order was superseded by the order entered September 30, 2008, made upon reargument; and it is further,

Ordered that the order entered September 30, 2008 is modified, on the law, by deleting the provision thereof, upon reargument, adhering to the determination in the order entered June 13, 2008, denying that branch of the cross motion of the defendants Randee Wysoki, Dina Farrell, Michael Farrell, and Gregory Scagnelli which was to dismiss the complaint insofar as asserted against Randee Wysoki pursuant to CPLR 3211 (a) (1) and 501 based on a forum selection clause and substituting therefor a provision, upon reargument, vacating the determination in the order entered June 13, 2008, denying that branch of the cross motion of the defendants Randee Wysoki, Dina Farrell, Michael Farrell, and Gregory Scagnelli which was to dismiss the complaint insofar as asserted against Randee Wysoki pursuant to CPLR 3211 (a) (1) and 501 based on a forum selection clause and thereupon granting that branch of the cross motion; as so modified, the order entered September 30, 2008, is affirmed insofar as appealed from, without costs or disbursements.