■ Marla Adler et al., Appellants-Respondents, and Stephen Bausenwein et al., Appellants, v 20/20 Companies et al., Defendants, and 20/20 Communications, Inc., Respondent-Appellant. [919 NYS2d 38]—

"Although once disfavored by the courts, it is now recognized that parties to a contract may freely select a forum which will resolve any disputes over the interpretation or performance of the contract" (*Brooke Group v JCH Syndicate 488*, 87 NY2d 530, 534 [1996]). "Such a forum selection clause is prima facie valid and enforceable 'unless it is shown by the challenging party to be unreasonable, unjust, in contravention of public policy, invalid due to fraud or overreaching, or it is shown that a trial in the selected forum would be so gravely difficult that the challenging party would, for all practical purposes, be deprived of its day in court' (*LSPA Enter., Inc. v Jani-King of N.Y., Inc.*, 31 AD3d 394, 395 [2006]; *see Harry Casper, Inc. v Pines Assoc., L.P.*, 53 AD3d 764, 765 [2008]; *Stravalle v Land Cargo, Inc.*, 39 AD3d 735 [2007]; *Fleet Capital Leasing/Global Vendor Fin. v Angiuli Motors, Inc.*, 15 AD3d 535 [2005]). 'Absent a strong

showing that it should be set aside, a forum selection agreement will control' (*Di Ruocco v Flamingo Beach Hotel & Casino*, 163 AD2d 270, 272 [1990])" (*Horton v Concerns of Police Survivors, Inc.*, 62 AD3d 836, 836 [2009]).

In support of its motion pursuant to CPLR 3211 (a) (1) and (7) to dismiss the amended complaint insofar as asserted against it, the defendant 20/20 Communications, Inc. (hereinafter 20/20), submitted copies of employment contracts physically signed by the plaintiffs Marla Adler, Erik Malagon, Ed Halpin, Mike Frost, and Kevin Kelly, which contained a forum selection clause consenting to confer exclusive jurisdiction upon any federal or state court located in Dallas or Tarrant county in the state of Texas over any action to enforce any provision of, or based on a matter arising out of or in connection with, the agreement. In opposition thereto, the plaintiffs failed to make the necessary showing to set aside the forum selection clause (*see Boss v American Express Fin. Advisors, Inc.*, 6 NY3d 242 [2006]; *KMK Safety Consulting, LLC v Jeffrey M. Brown Assoc., Inc.*, 72 AD3d 650 [2010]). Therefore, the amended complaint was properly dismissed insofar as asserted against 20/20 by Marla Adler, Erik Malagon, Ed Halpin, Mike Frost, and Kevin Kelly.

In support of those branches of the motion which were to dismiss the amended complaint insofar as asserted against it by the plaintiffs Stephen Bausenwein, Arthur Landsman, Al Deichler, Rich Herbst, Joe O'Brien, and Dan Watts, 20/20 submitted copies of the employment agreements containing the forum selection clause which purported to be electronically signed by those plaintiffs. 20/20 is correct that an electronic signature "may be used by a person in lieu of a signature affixed by hand," and "shall have the same validity and effect as the use of a signature affixed by hand" (State Technology Law § 304 [2]). However, in this case, the plaintiffs came forward with evidence which raised a factual dispute as to whether those plaintiffs actually electronically signed the employment agreements, or whether the agreements were electronically signed on their behalf by a representative of 20/20, without giving those plaintiffs an opportunity to review the agreements and assent to their terms, including the forum selection clause. Under the circumstances, the documentary evidence submitted by 20/20 did not resolve all of the factual issues as a matter of law, and the motion to dismiss the amended complaint was properly denied insofar as asserted against 20/20 by the plaintiffs Stephen Bausenwein, Arthur Landsman, Al Deichler, Rich Herbst, Joe O'Brien, and Dan Watts (*see Siddiqui v Nationwide Mut. Ins. Co.*, 255 AD2d 30 [1999]). Mastro, J.P., Chambers, Lott and

Cohen, JJ., concur.