OPINION OF THE COURT
David Elliot, J.
In this action to recover damages for injuries alleged to have been sustained as a result of a slip-and-fall accident which occurred on defendant’s premises on August 2, 2011, defendant moves, pursuant to CPLR 501 and 509, for an order changing the place of trial from this county to the County of Warren.*
Prior to commencement of the action, upon checking into defendant’s resort hotel on July 30, 2011, plaintiff Catherine L. Molino signed a written “rental agreement,” which states, inter alia, the following:
“I agree that if there is a claim or dispute that arises out of the use of the facilities that results in legal action, all issues will be settled by the courts of the State of New York, Warren County, which I agree shall have exclusive jurisdiction over every party in connection with any such dispute, lawsuit, or claim.”
“A contractual forum selection clause is prima facie valid and enforceable ‘unless it is shown by the challenging party to be unreasonable, unjust, in contravention of public policy, invalid due to fraud or overreaching, or it is shown that a trial in the selected forum would be so gravely difficult that the challenging party would, for all practical purposes, be deprived of its day in court’ ” (Trump v Deutsche Bank Trust Co. Ams., 65 AD3d 1329, 1331 [2009], quoting Horton v Concerns of Police Survivors, Inc., 62 AD3d 836, 836 [2009]; see Adler v 20/20 Cos., 82 AD3d 918 [2011]; Stravalle v Land Cargo, Inc., 39 AD3d 735 [2007]).
Stated another way, the party challenging the clause will be successful by demonstrating that the agreement is invalid based upon standard contract principles (see generally The Bremen v Zapata Off-Shore Co., 407 US 1 [1972]; 2 NY Prac, Commercial Litigation in New York State Courts § 12:10 [3d ed]).
In the case at bar, plaintiffs have demonstrated that the forum selection clause is unenforceable. Under the circumstances *269 herein, the court finds that the rental agreement containing the subject clause is a contract of adhesion (see generally Matter of Love'M Sheltering, Inc. v County of Suffolk, 33 AD3d 923 [2006]; 22 NY Jur 2d, Contracts § 145). Mrs. Molino stated in her affidavit that, on July 23, 2011, she made a reservation to stay at defendant’s hotel. She was quoted a total price of $1,966.58, which defendant required that she pay in full in advance, and she paid the full price as required. On July 28, 2011, she received an e-mail confirmation of same. Notably, the confirmation, which included the terms and conditions, did not contain, much less allude to, a forum selection clause. The terms also specified that cancellation 14 days or less from arrival will result in a forfeiture of the total amount paid. It was only after plaintiff’s six-hour drive to the hotel that she was presented with the rental agreement which included the subject forum selection clause. The court finds it unreasonable and unjust to enforce such a clause, given that it was presented to her only after she paid in full and upon her arrival (cf. Bernstein v Wysoki, 77 AD3d 241 [2010] [forum selection clause in camp contract was included in the entire contract prior to camper’s enrollment]). Further, according to defendant’s terms and conditions, failure to agree to the clause would have resulted in the forfeiture of plaintiffs entire deposit, leaving her with little to no real choice or bargaining power. As such, plaintiffs have demonstrated that the forum selection clause is unreasonable and unjust, and that same should not be enforced.
Accordingly, defendant’s motion is denied.

 Defendant has not moved to change venue on any other ground.