■ Creative Mobile Technologies, LLC, Appellant, v Smart Modular Technologies, Inc., Respondent. [948 NYS2d 375]—

"Although once disfavored by the courts, it is now recognized that parties to a contract may freely select a forum which will resolve any disputes over the interpretation or performance of the contract" (*Brooke Group v JCH Syndicate 488*, 87 NY2d 530, 534 [1996]). "A contractual forum selection clause is prima facie valid and enforceable unless it is shown by the challenging party to be unreasonable, unjust, in contravention of public policy, invalid due to fraud or overreaching, or it is shown that a trial in the selected forum would be so gravely difficult that the challenging party would, for all practical purposes, be deprived of its day in court" (*LSPA Enter., Inc. v Jani-King of N.Y., Inc.*, 31 AD3d 394, 395 [2006]; *see Adler v 20/20 Cos.*, 82 AD3d 918, 919 [2011]; *Bernstein v Wysoki*, 77 AD3d 241, 248-249 [2010]). Here, the forum selection clause contained in the defendant's standard "Terms and Conditions" was expressly and fully incorporated into the parties' settlement agreement, and the plaintiff's general allegations of fraud relating to the settlement agreement are insufficient to render the clause unenforceable

for the purpose of this action (*see Harry Casper, Inc. v Pines Assoc., L.P.,* 53 AD3d 764, 765 [2008]; *LSPA Enter., Inc. v Jani-King of N.Y., Inc.,* 31 AD3d at 395; *Rokeby-Johnson v Kentucky Agric. Energy Corp.,* 108 AD2d 336, 341 [1985]; *cf. DeSola Group v Coors Brewing Co.,* 199 AD2d 141, 141-142 [1993]). Accordingly, the Supreme Court properly granted that branch of the defendant's motion which was to dismiss the complaint pursuant to CPLR 3211 (a) (1) on the basis that the forum selection clause precluded commencement of the action in New York (*see Lischinskaya v Carnival Corp.,* 56 AD3d 116, 123 [2008]). Skelos, J.P., Dickerson, Leventhal and Roman, JJ., concur.