# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**337**

**CA 12-01549**

PRESENT: SCUDDER, P.J., FAHEY, SCONIERS, VALENTINO, AND MARTOCHE, JJ.

---

ERIE INSURANCE COMPANY OF NEW YORK, AS
SUBROGEE OF MAPLEVALE FARMS, INC.,
PLAINTIFF-APPELLANT,

V                                                    MEMORANDUM AND ORDER

AE DESIGN, INC., DEFENDANT-RESPONDENT.

---

RUPP, BAASE, PFALZGRAF, CUNNINGHAM & COPPOLA LLC, BUFFALO (MICHAEL
FEELEY OF COUNSEL), FOR PLAINTIFF-APPELLANT.

BURNS WHITE LLC, WEST CONSHOHOCKEN, PENNSYLVANIA (ANDREW J. FUGA, OF
THE PENNSYLVANIA AND NEW JERSEY BARS, ADMITTED PRO HAC VICE, OF
COUNSEL), AND LAW OFFICES OF BRADY & CARAFA, LIVERPOOL, FOR
DEFENDANT-RESPONDENT.

-------------------------------------------------------------------------------

Appeal from an order of the Supreme Court, Chautauqua County
(James H. Dillon, J.), entered December 21, 2011. The order granted
the motion of defendant to dismiss the complaint.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum: Plaintiff's subrogor, Maplevale Farms, Inc.
(Maplevale), hired defendant to provide engineering services in
connection with the construction of an addition to Maplevale's
warehouse in Clymer, New York. The addition was built pursuant to
plans and specifications prepared by defendant. Following a heavy
snowfall, the roof of the original warehouse collapsed, resulting in
damage to the building and the inventory and property stored therein.
Plaintiff, as subrogee of Maplevale, commenced this action asserting
causes of action for malpractice and breach of contract, and seeking
to recover sums necessary to cover the losses sustained as the result
of the roof collapse.

Supreme Court properly granted defendant's motion to dismiss the
complaint pursuant to CPLR 3211 (a) (1). According to the "Standard
Terms and Conditions" of the agreement between Maplevale and
defendant, "[a]ny litigation arising in any way from this Agreement
shall be brought in the Courts of Common Pleas of Pennsylvania having
jurisdiction." That forum selection clause is " 'prima facie valid
and enforceable unless it is shown by the challenging party to be[,
inter alia,] unreasonable, unjust, [or] in contravention of public
policy' " (*KMK Safety Consulting, LLC v Jeffrey M. Brown Assoc., Inc.*,

72 AD3d 650, 651; *see Brooke Group v JCH Syndicate 488*, 87 NY2d 530, 534).  Contrary to plaintiff's contention, the enforcement of the forum selection clause does not contravene New York public policy (*cf. Matter of Betlem*, 300 AD2d 1026, 1026-1027).

The "Standard Terms and Conditions" also provide that "[t]he laws of the Commonwealth of Pennsylvania shall govern the validity of this Agreement, its interpretation and performance," and plaintiff contends that the enforcement of the "limitation of legal liability" provision of the agreement pursuant to Pennsylvania law violates General Obligations Law §§ 5-322.1 and 5-324 and would thus contravene New York public policy.  That contention, however, concerns choice of law, not choice of forum, and it may properly be raised before a court in the forum chosen by the parties in Pennsylvania (*see Boss v American Express Fin. Advisors, Inc*., 6 NY3d 242, 247).  "[O]bjections to a choice of law clause are not a warrant for failure to enforce a choice of forum clause" (*id.*).

We reject plaintiff's further contention that the forum selection clause does not apply to its allegations of negligence, and thus that the court erred in granting defendant's motion with respect to the malpractice cause of action.  "[U]nder its broad and unequivocal terms, the applicability of the subject forum selection clause does not turn on the type or nature of the dispute between" Maplevale and defendant, and plaintiff "cannot circumvent application of the forum selection clause by pleading parallel and/or additional related noncontractual claims" (*Tourtellot v Harza Architects, Engrs. & Constr. Mgrs.*, 55 AD3d 1096, 1098).

Finally, contrary to plaintiff's contention, the "Standard Terms and Conditions" were expressly incorporated into the agreement, and the failure of Maplevale's president to read or recall the forum selection provision does not render that provision unenforceable (*see KMK Safety Consulting, LLC*, 72 AD3d at 651).

Entered:  March 22, 2013                    Frances E. Cafarell
                                            Clerk of the Court