■ In the Matter of JOACHIM CHIANTELLA, Appellant, v LUCY CHIANTELLA REVOCABLE TRUST OF 2002 et al., Respondents. [964 NYS2d 541]—In a proceeding to discharge a mortgage pursuant to Real Property Actions and Proceedings Law § 1921, the petitioner appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Siegal, J.), entered January 9, 2012, as, upon reargument, in effect, denied the petition and dismissed the proceeding, with leave to renew in the Surrogate's Court, Queens County.

Ordered that the order is affirmed insofar as appealed from, with costs.

"Although once disfavored by the courts, it is now recognized that parties to a contract may freely select a forum which will resolve any disputes over the interpretation or performance of the contract" (*Brooke Group v JCH Syndicate 488*, 87 NY2d 530, 534 [1996]; *see Creative Mobile Tech., LLC v Smart Modular Tech., Inc.*, 97 AD3d 626 [2012]). "A contractual forum selection clause is prima facie valid and enforceable unless it is shown by the challenging party to be unreasonable, unjust, in contravention of public policy, invalid due to fraud or overreaching, or it is shown that a trial in the selected forum would be so gravely difficult that the challenging party would, for all practical purposes, be deprived of its day in court" (*Creative Mobile Tech., LLC v Smart Modular Tech., Inc.*, 97 AD3d at 626 [internal quotation marks omitted]; *see Adler v 20/20 Cos.*, 82 AD3d 918, 919 [2011]; *Bernstein v Wysoki*, 77 AD3d 241, 248-249 [2010]).

Here, in a stipulation of settlement dated June 22, 2004, the parties agreed that the Surrogate's Court, Queens County, "shall be the sole [c]ourt of jurisdiction and shall continue with respect to any action or proceeding which shall be necessary to enforce or implement the terms of this Stipulation, any Decree

or further Order entered thereon." Pursuant to the forum selection clause contained in the stipulation, the issues raised herein must be resolved by the Surrogate's Court, Queens County. Accordingly, contrary to the petitioner's contention, upon reargument, the Supreme Court properly, in effect, denied the petition and dismissed the proceeding, with leave to renew in the Surrogate's Court. Rivera, J.P., Dickerson, Leventhal and Hinds-Radix, JJ., concur.