U.S. Mdse., Inc. v L&R Distribs., Inc. (2014 NY Slip Op 07495)





U.S. Mdse., Inc. v L&R Distribs., Inc.


2014 NY Slip Op 07495


Decided on November 5, 2014


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 5, 2014
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
RUTH C. BALKIN
JEFFREY A. COHEN
BETSY BARROS, JJ.


2013-00497
 (Index No. 7897/12)

[*1]U.S. Merchandise, Inc., appellant, 
v
L & R Distributors, Inc., et al., respondents.


Blodnick, Fazio & Associates, P.C., Garden City, N.Y. (Jessica A. Gould of counsel), for appellant.
Gordon & Rees LLP, New York, N.Y. (Michael T. Miano and Ronald A. Giller of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for tortious interference with contract, the plaintiff appeals from an order of the Supreme Court, Nassau County (Driscoll, J.), dated November 13, 2012, which granted that branch of the defendants' motion which was to dismiss the amended complaint pursuant to CPLR 3211(a)(1).
ORDERED that the order is reversed, on the law, with costs, and that branch of the defendants' motion which was to dismiss the amended complaint pursuant to CPLR 3211(a)(1) is denied.
In contemplation of a proposed business transaction, a mutual nondisclosure agreement between the defendant L & R Distributors, Inc. (hereinafter L & R), and "The Non Foods Marketing (including its affiliates)" provided for the exchange of certain proprietary information. A forum selection clause in the agreement provided for "the exclusive jurisdiction of the courts of the State of Delaware and the Federal Courts therein." The plaintiff allegedly is an affiliate of "The Non Foods Marketing." A subsequent agreement provided for the sale of the plaintiff's assets and accounts to L & R, but the contemplated transaction never took place.
The plaintiff commenced this action against L & R, L & R's president, Mark J. Bodner, and a former employee of the plaintiff, Anthony Trocchio, Jr., asserting various causes of action arising from the alleged breach of the mutual nondisclosure agreement. The defendants moved to dismiss the complaint on various grounds, including that the forum selection clause constituted a defense founded on documentary evidence (see CPLR 3211[a][1]). The Supreme Court directed the dismissal of the amended complaint pursuant to CPLR 3211(a)(1), and the plaintiff appeals.
A party seeking dismissal of a complaint under CPLR 3211(a)(1) must submit documentary evidence that " conclusively establishes a defense to the asserted claims as a matter of law'" (511 W. 232nd Owners Corp. v Jennifer Realty Co., 98 NY2d 144, 152, quoting Leon v [*2]Martinez, 84 NY2d 83, 88). A contract provision may constitute documentary evidence under CPLR 3211(a)(1) (see Fontanetta v John Doe 1, 73 AD3d 78, 84-85), and a forum selection clause contained in a contract may provide a proper basis for dismissal of a complaint under CPLR 3211(a)(1) (see Lifetime Brands, Inc. v Garden Ridge, L.P., 105 AD3d 1011, 1012; Adler v 20/20 Cos., 82 AD3d 918, 920; Bernstein v Wysoki, 77 AD3d 241, 248-249; Horton v Concerns of Police Survivors, Inc., 62 AD3d 836, 836-837; Lischinskaya v Carnival Corp., 56 AD3d 116, 123). A forum selection clause is "prima facie valid and enforceable unless it is shown by the challenging party to be unreasonable, unjust, in contravention of public policy, invalid due to fraud or overreaching, or it is shown that a trial in the selected forum would be so gravely difficult that the challenging party would, for all practical purposes, be deprived of its day in court" (LSPA Enter., Inc. v Jani-King of N.Y., Inc., 31 AD3d 394, 395; see Harry Casper, Inc. v Pines Assoc., L.P., 53 AD3d 764, 765; Fleet Capital Leasing/Global Vendor Fin. v Angiuli Motors, Inc., 15 AD3d 535, 536). Accordingly, a forum selection clause will be given effect in the absence of a " strong showing'" that it should be set aside (Horton v Concerns of Police Survivors, Inc., 62 AD3d at 836, quoting Di Ruocco v Flamingo Beach Hotel & Casino, 163 AD2d 270, 272; see Bernstein v Wysoki, 77 AD3d at 248-249).
Here, the plaintiff has made the requisite strong showing that the forum selection clause in the nondisclosure agreement was "unreasonable." Specifically, the plaintiff has contended, without contradiction, that neither the parties nor the agreement has any connection to the State of Delaware: none of the parties is located in Delaware, the nondisclosure agreement was not executed in Delaware, and performance of the agreement was not to take place in Delaware (cf. Di Ruocco v Flamingo Beach Hotel & Casino, 163 AD2d at 272; Hollander v K-Lines Hellenic Cruises, S.A., 670 F Supp 563, 566 [SD NY 1987]; KMK Safety Consulting, LLC v Jeffrey M. Brown Assoc., Inc., 72 AD3d 650, 651). Accordingly, the prima facie enforceability and validity of the forum selection clause has been rebutted and, therefore, that clause does not "conclusively establish[ ] a defense to the asserted claims as a matter of law" (511 W. 232nd Owners Corp. v Jennifer Realty Co., 98 NY2d at 152 [internal quotation marks omitted]; see Adler v 20/20 Cos., 82 AD3d at 920). Thus, the Supreme Court should have denied that branch of the defendants' motion which was to dismiss the amended complaint pursuant to CPLR 3211(a)(1). We note that those branches of the defendants' motion which were to dismiss the amended complaint pursuant to CPLR 3211(a)(2),(3), and (7) remain pending and undecided (see Katz v Katz, 68 AD2d 536, 542-543).
In light of our determination, we need not reach the plaintiff's remaining contentions.
DILLON, J.P., BALKIN, COHEN and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court