■ Monica Hunt, Respondent, v Richard Landers et al., Appellants. [766 NYS2d 384] —In an action to recover damages for personal injuries, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Schneier, J.), dated January 24, 2003, as denied their motion to change venue from Kings County to Sullivan County.

Ordered that the order is reversed insofar as appealed from,

on the law, with costs, the motion is granted, and the Clerk of the Supreme Court, Kings County, is directed to deliver to the Clerk of the Supreme Court, Sullivan County, all papers filed in this action and certified copies of all minutes and entries (*see* CPLR 511 [d]).

The plaintiff entered into an agreement with the defendants, inter alia, to rent canoes, which contained a clause providing that "[t]he Venue of any dispute that may arise out of this agreement or otherwise between the parties * * * shall be either the Town of Tusten, NY Justice Court or the County or State Supreme Court in Sullivan County."

"[F]orum selection clauses are prima facie valid. * * * [T]o set aside such a clause, a party must show either that enforcement would be unreasonable and unjust or that the clause is invalid because of fraud or overreaching, such that a trial in the forum set in the contract would be so gravely difficult and inconvenient that the challenging party would, for all practical purposes, be deprived of his or her day in court" (*Hirschman v National Textbook Co.,* 184 AD2d 494, 495 [1992]; *see Bremen v Zapata Off-Shore Co.,* 407 US 1, 12-18 [1972]). Absent a showing that it should be set aside, a forum selection clause will control (*Hirschman v National Textbook Co., supra; see Bremen v Zapata Off-Shore Co., supra* at 12, 15). The plaintiff failed to make a sufficient showing that the clause was the product of overreaching or was unreasonable, or that its enforcement would be unjust (*see Di Ruocco v Flamingo Beach Hotel & Casino,* 163 AD2d 270, 272 [1990]). The plaintiff offered no valid ground for setting aside the forum selection clause. Accordingly, the defendants' motion to transfer venue from Kings County to Sullivan County should have been granted. Ritter, J.P., Smith, Friedmann, H. Miller and Crane, JJ., concur.