McIntosh County Bank v St. Regis Mohawk Tribe (2004 NY Slip Op 50920(U))

[*1]

McIntosh County Bank v St. Regis Mohawk Tribe

2004 NY Slip Op 50920(U)

Decided on August 18, 2004

Supreme Court, Nassau County

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on August 18, 2004

Supreme Court, Nassau County
McINTOSH COUNTY BANK, FIRST STATE BANK OF BIGFORK, SECURITY FIRST BANK OF NORTH DAKOTA, CAMPBELL COUNTY BANK, INC., SECURITY STATE BANK, CHOICE FINANCIAL GROUP, UNITED COMMUNITY NATIONAL BANK OF NORTH DAKOTA, COMMUNITY NATIONAL BANK, LAKE COUNTRY STATE BANK, BANK OF LUXEMBURG, PEOPLES STATE BANK OF MADISON LAKE, NEW AUBURN INVESTMENT, INC., OREGON COMMUNITY BANK & TRUST, STATE BANK OF PARK RAPIDS, FARMERS STATE BANK, CITIZENS SATE BANK OF ROSEAU, FIRST INDEPENDENT BANK, FIRST NATIONAL BANK OF THE NORTH, SECURITY STATE BANK OF SEBEKA, NORTHSTATE, LLC., FIRST AMERICAN BANK & TRUST, FIRST FEDERAL SAVINGS BANK OF THE MIDWEST, NORTH COUNTRY BANK & TRUST, DACOTAH BANK VALLEY CITY, FIRST NATIONAL BANK & TRUST CO. OF WILLISTON, ULTIMA BANK MINNESOTA, SECURITY BANK USA, THE RAMSEY NATIONAL BANK AND TRUST CO. OF DEVILS LAKE, MCVILLE STATE BANK PAGE STATE BANK, FIRST NATIONAL BANK OF THE NORTH, BRIAN F. LEONARD, TRUSTEE, AND MARSHALL INVESTMENTS CORPORATION, A DELAWARE CORPORATION, Plaintiff,
against
ST REGIS MOHAWK TRIBE, A NATIVE AMERICAN FEDERALLY RECOGNIZED INDIAN TRIBE, Defendant.
18263-03

Law Offices of Thomas P. Puccio
230 Park Avenue - Suite 301
New York, New York 10169
(for Plaintiffs Banks & Marshall Investment Corp.)
Stites & Harrison, PLLC
303 Peachtree Street, N.E.
2800 Sun Trust Plaza
Atlanta, GA 30308-3271 (for Brian F. Leonard, Trustee for SRC Holding Corp.)
Leonard, O'Brien, Spencer, Gale & Sayer, Esqs.
55 East Fifth Street - Suite 800
St. Paul, MN 55101
COUNSEL FOR DEFENDANT
Barr & Associates, P.C.
777 Third Avenue - 35th Floor
New York, New York 10017

Leonard B. Austin, J.
[*2]
BACKGROUND
Plaintiffs bring this action seeking to recover damages resulting from St. Regis' alleged breach of a Notice and Acknowledgment of Pledge dated February 12, 1999. ("Pledge Agreement"). The Pledge Agreement contains the following jurisdiction/venue provision:
"Any action with regard to a controversy, disagreement or dispute between Tribe [St. Regis], PRC or M&S arising under this Notice and Acknowledgment shall be brought before the appropriate United States District Court. In the event such federal court should determine that it lacks subject matter jurisdiction over any such action, such action shall be brought before the appropriate state court."
St. Regis asserts that this contractual venue provision requires that this action should be prosecuted in federal court.
This action is one of a series of actions arising from the construction and operation of a casino on St. Regis' Akwesasne Territory.
In 1997, St. Regis and President R.C. - St. Regis Management Company ("President") entered into an agreement whereby President agreed to finance, construct and manage the Akwesasne Mohawk Casino ("Casino") in Hogansburg, New York ("Management Agreement"). The Casino is a gaming enterprise of St. Regis.
Under the terms of the Management Agreement, President would construct the Casino and manage the Casino's operations for a period of five (5) years from its date of opening. President was to be compensated for its services by receiving a management fee and by receiving reimbursement of its development expenses.
In January 1998, St. Regis executed a promissory note in favor of President whereby it promised to repay President the sum of $20,000,000.00 or the aggregate amount of advances made for development expenses by President pursuant to the Management Agreement.
The Pledge Agreement which is the subject of this action is related to the Management Agreement. In the Pledge Agreement, St. Regis acknowledged that President pledged its interest in the payments due under the Management Agreement as security for repayment of a loan made by Miller & Schroeder Investments Corporation (now SRC) to President.
The Management Agreement was submitted for approval to the National Indian Gaming Commission which approved the Management Agreement in December 1997.
The Casino opened in for business on April 11, 1999.
On April 17, 2000, St. Regis gaming representatives revoked the licenses of key President personnel. Since the gaming licenses of President's personnel were revoked, President has been excluded from the operation of the Casino. St. Regis has operated the Casino since it revoked President's license.
In 2000, President commenced an action in this Court against St. Regis seeking to recover damages for breach of the Management Agreement ("Management Agreement Action"). The Management Agreement contains a venue provision identical to the one contained in the Pledge Agreement.
In the Management Agreement Action, St. Regis moved for summary judgment dismissing the action on the grounds that the contractual venue provision required the action to be brought in federal court. By Order of the Hon. Geoffrey O'Connell dated January 19, 2001, the Management Agreement Action was stayed pending a determination by the federal court with regard to whether it had subject matter jurisdiction over the Management Agreement [*3]Action.
President commenced an action in the United States District Court for the Eastern District of New York seeking the same relief sought in this Court in the Management Agreement Action. In a Memorandum Decision and Order dated July 15, 2002, United States District Court Judge Denis R. Hurley held that the District Court lacked subject matter jurisdiction over the action and dismissed the action.
Upon the dismissal of the action by Judge Hurley, President commenced a second action in this Court seeking to recover damages for breach of the Management Agreement ("Management 2 action"). The Management 2 action bears Supreme Court, Nassau County Index No. 11959/2002 and has been assigned to the Hon. Ira Warshawsky.
This action was commenced on December 8, 2003. On January 5, 2004, St. Regis commenced an action in the United States District Court for the Northern District of New York seeking to void the Pledge Agreement which is the subject of this action ("Void Pledge Action"). All of the Plaintiffs in the within action are Defendants in the Void Pledge Action. President, which is a Defendant in the Void Pledge Action, is the only party to the Void Pledge Action which is not a party to this action.
DISCUSSION
A. Motions to Dismiss and Stay This Action
Contractual forum selection clauses are prima facie valid and enforceable. Premium Risk Group, Inc v. Legion Insurance Company, 294 A.D.2d 345 (2nd Dept., 2002); and Koko Contracting Inc. v. Environmental Asbestos Removal Corp., 272 A.D.2d 585 (2nd Dept., 2000). In order to set aside such a clause, the party seeking to do so must establish that enforcement of the clause would be unreasonable or unjust, that the venue selection clause is void because of fraud or overreaching or that permitting the matter to proceed to trial in the venue established by the contract would be so difficult and inconvenient to the party challenging the provision would effectively denied his or her day in court. Hunt v. Landers, 309 A.D.2d 900 (2nd Dept., 2003); and Hirschman v. National Textbook Company, 184 A.D.2d 494 (2nd Dept., 1992).
Agreements are to be interpreted in accordance with their plain meaning. Greenfield v. Philles Records, Inc., 98 N.Y.2d 562 (2002). See also, Katina, Inc. v. Famiglietti, 306 A.D.2d 440 (2nd Dept., 2003). The court may not make a new agreement for the parties under the guise of interpretation. Rodolitz v. Neptune Paper Products, Inc., 22 N.Y.2d 383 (1968). See also, Iacobacci v. McAleavey, 222 A.D.2d 406 (2nd Dept., 1995)
In this case, the contractual venue provision of the Pledge Agreement clearly and unequivocally requires that any action arising out of the Pledge Agreement be brought in the first instance in the appropriate federal court. Only after the federal court has determined that it lacks subject matter jurisdiction can the parties invoke the jurisdiction of the state court.
While this procedure may be inefficient and time consuming, construing the contractual venue provision of the Pledge Agreement in any other way would be contrary to the clear intent of the parties.
Plaintiffs' opposition to the motion is premised primarily on the grounds that it should not be required to comply with the contractual venue provisions of the Pledge Agreement because the federal court obviously lacks subject matter jurisdiction over this action and that Defendant has not set forth any basis for the federal court having subject matter jurisdiction over this action. Plaintiffs claim that St. Regis is using the contractual venue provision as a device to prolong and [*4]delay the litigation.
Plaintiffs assert that since this Court has subject matter jurisdiction of this action that it should retain jurisdiction this action. They also urge that requiring them to commence this action in federal court would be unfair, unreasonable and unjust since the federal court does not have subject matter jurisdiction over the action. Plaintiffs claim that this is action is no different from the Management Agreement action which Judge Hurley dismissed on the grounds that the United States District Court lacked subject matter jurisdiction. However, this Court is not the proper forum to decide whether federal district court has subject matter jurisdiction over this action. Only the federal district court can determine whether it has subject matter jurisdiction over this action.
While this Court has jurisdiction over both the subject matter of, and the parties to, this action (see, 25 U.S.C. §233 and Indian Law §5), that is not the issue before the Court. The issue before the Court is whether the contractual venue provisions of the Pledge Agreement require the federal court to dismiss an action arising out of the Pledge Agreement on the grounds that it lacks subject matter jurisdiction over the action before the parties can invoke the jurisdiction of this Court. As to this issue, the clearly expressed intent of the parties as evidenced by the language of the Pledge Agreement was that all actions arising out of that agreement be brought, in the first instance, in federal court. Simply stated, an action arising out of the Pledge Agreement can be prosecuted in state court only after the condition precedent has been met; to wit: the action has been brought in federal court and dismissed on the grounds that the federal court lacks subject matter jurisdiction.
This case is distinguishable from the Management Agreement Action brought before Judge Hurley. In this case, an action is already pending in the United States District Court in which the causes of action pled in this case can be heard and decided.
The parties to this action are identical to the parties in the Void Pledge Action with the exception of President. None of the parties to this action assert that the federal courts lack subject matter jurisdiction over the Void Pledge Action.
 Had the Void Pledge Action been commenced first, the causes of action plead in this action would have had to been pled as compulsory counterclaims in the Void Pledge Action. See, Federal Rules of Civil Procedure 13(a).
The causes of action alleged in this action can be heard by the United States District Court for the Northern District of New York, if they are alleged as counterclaims in the Void Pledge Action by means of an amended answer. See, Federal Rules of Civil Procedure 15. Federal Rules of Civil Procedure 15(a) provide that leave to serve an amended pleading shall be freely given.
By alleging the causes of action in this action as counterclaims in the Void Pledge Action, Plaintiffs in this action would not have to be concerned about delay or the possibility that the federal court would find that it lacks subject matter jurisdiction over these claims. These claims would be added as counterclaims in an action over which the District Court has jurisdiction via pendent jurisdiction. This procedure would also benefit the parties by having all of the claims involving the Pledge Agreement decided in one action.
CPLR 2201 grants the court authority to stay the prosecution of an action on such terms as may be just. In this case, such a stay is appropriate. Plaintiffs must be given the opportunity to amend their pleadings in the Void Pledge Action to assert the causes of action plead in this case as counterclaims in that action. If, for any reason, the United States District Court denies [*5]Plaintiffs leave to amend its pleading to allege the causes of action advanced in this action as counterclaims or that court cannot or will not provide the parties a forum in which all of the issues between them relating to the Pledge Agreement can be litigated and decided, then the parties may be heard in this Court in regard to those issues. See, Micro Balanced Products Corp. v. Hlavin Industries Ltd., 238 A.D.2d 284 (1st Dept., 1997).
B. Pro Hac Vice
Since further proceedings in this action are being stayed, there is no reason for the Court to consider the motion to admit John P. Gallagher and Catherine M. Banich pro hac vice. This motion should be denied without prejudice with leave to renew in the event that any further proceedings in this Court regarding to this action are necessary.
Accordingly, it is,
ORDERED, that Defendant's motion to dismiss this action is granted only to the extent that Plaintiff is hereby granted the opportunity to move to amend its pleading in the action pending between the parties in the United States District Court for the Northern District of New York within 90 days of the date of service of a copy of this Order with Notice of Entry. In the event that Plaintiffs fail to make such a motion, then Defendant's motion is granted in its entirety. Defendant shall settle a proposed order dismissing this action on ten (10) days notice in the event Plaintiffs do not comply herewith; and it is further,
ORDERED, that Plaintiffs' motion for a stay of this action is granted to the extent that all proceedings in this action are stayed for a period of 90 days after service of a copy of this Order with Notice of Entry so as to permit Plaintiffs to move in the United States District Court for the Northern District of New York for leave to serve amended pleadings in the action pending in that court captioned United States of America ex. rel. St. Regis Mohawk Tribe, - against - President R.C. - St. Regis Management Company, et. al., Civil Action No. 7:04-CV-08. Such stay may be extended, on application and proof of compliance with this Order, to such time as Plaintiffs' motion to amend its answer is decided; and it is further,
ORDERED, that the motion to admit John P. Gallagher and Catherine M. Banich, pro hac vice is denied without prejudice with leave to renew; and it is further,
ORDERED, that counsel for the parties shall conduct a telephone conference with the Court to advise as to the status of this matter on November 5, 2004 at 3:00 p.m.
This constitutes the decision and Order of the Court.
Dated: Mineola, NY _____________________________
 August 18, 2004 Hon. LEONARD B. AUSTIN, J.S.C.