■ SYDNEY ATTRACTIONS GROUP PTY LTD., Respondent, v FREDRICK SCHULMAN, Appellant. [902 NYS2d 82]—

Order, Supreme Court, New York County (Ira Gammerman, J.H.O.), entered February 17, 2010, which granted defendant's motion to dismiss the complaint only to the extent of staying the action, unanimously reversed, on the law, with costs, and the motion to dismiss granted. The Clerk is directed to enter a judgment in favor of defendant dismissing the complaint.

The subject contract states, "The parties submit to the exclusive jurisdiction of the Courts of the State of New South Wales and of the Commonwealth of Australia in respect of any dispute that arises in connection with this Deed." It may be, as plaintiff asserts, that defendant will engage in all sorts of delaying tactics if the litigation is taken to Australia, but that is not tantamount to depriving plaintiff, an Australian company with its principal place of business in New South Wales, of its day in court (*see Sterling Natl. Bank v Eastern Shipping Worldwide, Inc.*, 35 AD3d 222, 222 [2006]). Nor does it avail plaintiff to argue that since the clause was for its sole benefit, it can unilaterally waive it; presumably, the clause was also for the benefit of the other Australian company that is a party to this contract. Furthermore, the contract says that it "may not be varied except by written instrument executed by the parties." In short, no reason appears to depart from the well-settled policy of the courts of this State to enforce forum selection clauses (*see Sterling* at 222, citing, inter alia, *Brooke Group v JCH Syndicate 488*, 87 NY2d 530, 534 [1996]).

Since enforcement of a forum selection clause does not allow for a stay, at least where there is no argument that the designated court lacks jurisdiction of all necessary parties or is otherwise unable to accord complete relief (*compare Micro Balanced Prods. Corp. v Hlavin Indus.*, 238 AD2d 284, 285-286 [1997]), we dismiss the action outright (*see Lischinskaya v Carnival Corp.*, 56 AD3d 116, 124 [2008], *lv denied* 12 NY3d 716 [2009]).

We reject defendant's contention that plaintiff's commencement of the action in New York constituted frivolous conduct

warranting an award of costs and attorneys' fees (*see Horton v Concerns of Police Survivors, Inc.*, 62 AD3d 836, 837 [2009], *lv denied* 13 NY3d 706 [2009]).

In view of the foregoing, we do not reach defendant's arguments regarding forum non conveniens and venue, and plaintiff should not be required to give security for costs pursuant to CPLR 8501 (a). Concur—Gonzalez, P.J., Sweeny, Richter, Abdus-Salaam and Román, JJ.