■ Lifetime Brands, Inc., Appellant, v Garden Ridge, L.P., Respondent. [963 NYS2d 718]—

In an action to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Nassau County (Bucaria, J.), dated March 12, 2012, which granted that branch of the defendant's motion which was to dismiss the complaint pursuant to CPLR 3211 (a) (1).

Ordered that the order is affirmed, with costs.

The plaintiff is a vendor of kitchen and lifestyle goods based in Garden City, and the defendant is a retailer of kitchen goods based in Houston, Texas. In 2008, the parties entered into an Electronic Data Interchange Agreement (hereinafter the EDI Agreement) pursuant to which they would electronically transfer documents, including purchase orders. The EDI Agreement provided, inter alia, that the purchase orders, rather than the EDI Agreement, formed the contracts under which the parties agreed to buy and sell goods. Moreover, the EDI Agreement provided that a contract was formed when the plaintiff accepted a purchase order. The purchase orders contained explicit instructions to "go to gardenridge.com for terms and conditions." These terms and conditions included a paragraph stat-

ing, in pertinent part, that "[a]ll civil actions filed as a result of any disputes arising out of the purchase order or the commercial relationship created thereby, shall be filed in the state district courts of Harris County, Texas."

In August 2011, the defendant allegedly terminated the parties' business relationship and canceled several outstanding purchase orders. Thereafter, the plaintiff commenced this action to recover damages for breach of contract. The defendant moved pursuant to CPLR 3211 (a) (1) and (7) to dismiss the complaint. The Supreme Court granted that branch of the motion which was to dismiss the complaint pursuant to CPLR 3211 (a) (1).

"Although once disfavored by the courts, it is now recognized that parties to a contract may freely select a forum which will resolve any disputes over the interpretation or performance of the contract" (*Brooke Group v JCH Syndicate 488*, 87 NY2d 530, 534 [1996]). "A contractual forum selection clause is prima facie valid and enforceable unless it is shown by the challenging party to be unreasonable, unjust, in contravention of public policy, invalid due to fraud or overreaching, or it is shown that a trial in the selected forum would be so gravely difficult that the challenging party would, for all practical purposes, be deprived of its day in court" (*Creative Mobile Tech., LLC v Smart Modular Tech., Inc.*, 97 AD3d 626, 626 [2012] [citation omitted]).

Here, the forum selection clause contained in the defendant's terms and conditions was incorporated by reference into the parties' agreements. The plaintiff did not demonstrate that the forum selection clause was unreasonable, unjust, in contravention of public policy, or invalid due to fraud or overreaching, or that a trial in the selected forum would be gravely difficult. Accordingly, the Supreme Court properly granted that branch of the defendant's motion which was to dismiss the complaint pursuant to CPLR 3211 (a) (1) on the ground that the forum selection clause precluded commencement of the action in New York (*see Creative Mobile Tech., LLC v Smart Modular Tech., Inc.*, 97 AD3d at 626-627). Dillon, J.P., Balkin, Austin and Cohen, JJ., concur.