■ Olivia Kate Ofer, Appellant, v Ido Sirota, Respondent. [984 NYS2d 312]—

Order, Supreme Court, New York County (Deborah A. Kaplan, J.), entered April 17, 2013, which held in abeyance defendant's motion to dismiss and plaintiff's cross motion for, inter alia, summary judgment, pending a report and recommendation of a Special Referee on the issue of whether plaintiff may bring an action for divorce in Israel while defendant's reconciliation petition filed in Israel was pending, unanimously dismissed, without costs, as academic. Order, same court and Justice, entered December 3, 2013, which denied the parties' motion and cross motion held in abeyance as moot and as subsumed by defendant's motion for leave to renew, granted plaintiff's motions for leave to reargue and renew, but adhered to its April 17, 2013 decision, and granted defendant's motion for leave to renew, and upon renewal, granted defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, *without costs.*

Following the referral of the reconciliation petition issue, defendant withdrew his reconciliation petition filed in Israel rendering the issue referred to the Special Referee moot, and we dismiss the appeal from the April 17, 2013 order accordingly.

Supreme Court properly found that the parties' prenuptial agreement was enforceable and was not the product of fraud or duress, or otherwise invalid (*see Van Kipnis v Van Kipnis*, 11 NY3d 573, 577 [2008]). The forum selection clause in the agreement, which granted exclusive jurisdiction over any divorce litigation to a competent Israeli court, was also enforceable (*see Sterling Natl. Bank v Eastern Shipping Worldwide, Inc.*, 35 AD3d 222, 222 [1st Dept 2006]). Accordingly, Supreme Court properly dismissed this action.

The fact that plaintiff alleges that defendant refuses to grant her a get (Jewish divorce decree) as required by their agreement is irrelevant to determining whether to enforce the forum selection clause. Defendant's obligations under the agreement and his alleged breach of same can be handled by the Israeli courts. Further, as Supreme Court found, the parties' experts agreed that absent the reconciliation petition there is nothing preventing plaintiff from filing for divorce in Israel.

There is no merit to plaintiff's claim that she will be deprived of her day in court in Israel because Israel does not provide for no fault divorce and defendant's consent to a divorce is required there. While litigation in Israel may be more challenging, plaintiff will have her day in court (*see Sydney Attractions Group Pty Ltd. v Schulman*, 74 AD3d 476 [1st Dept 2010]). Moreover, it is inappropriate for plaintiff to attempt to avoid Israel's legal system because New York's legal system may treat her more favorably by permitting her to obtain a no fault divorce. Plaintiff, an Israeli citizen, was well aware that Jewish religious laws govern Israeli divorces when she consented to the forum selection clause in the agreement.

While we recognize this State's strong and important public policy with regard to compelling civil litigants to remove any barriers to remarriage (*see* Domestic Relations Law § 253), contrary to plaintiff's contention, this policy cannot override the forum selection clause that the parties knowingly included in their prenuptial agreement, particularly because plaintiff will not be deprived of her day in court in the chosen forum.

The conversion claim, which concerns the parties' joint bank accounts and other property allegedly taken from the marital residence, fails because such a cause of action cannot be predicated on a mere breach of contract, and no independent facts are alleged giving rise to tort liability (*Kopel v Bandwidth*

*Tech. Corp.*, 56 AD3d 320 [1st Dept 2008]). Accordingly, Supreme Court correctly declined to sever the claim. Concur—Friedman, J.P., Moskowitz, Freedman, Gische and Clark, JJ.