In an action to recover damages for wrongful death, etc., the plaintiff appeals from an order of the Supreme Court, Westchester County (Tolbert, J.), entered July 16, 2012, which granted the defendant’s motion pursuant to CPLR 501, 510 and 511 to change venue of the action from Bronx County to Westchester County.
Ordered that the order is affirmed, with costs.
Hector Couvertier (hereinafter the decedent) was a resident of the Concourse Rehabilitation and Nursing Center, Inc. (hereinafter Concourse), a long-term care facility located in the Bronx, from October 21, 2010, until March 23, 2011, and again from March 30, 2011, until his death on April 18, 2011. While a resident there, the decedent allegedly sustained physical injuries due to negligent care.
.Upon the decedent’s admission to Concourse, the decedent signed an “Admission Agreement.” The agreement contained a forum selection clause, which stated, in pertinent part, that “[a]ny and all actions arising out of or related to this Agreement . . . shall be brought in . . . Westchester County, New York.”
Following the decedent’s death, the plaintiff, as the administrator of the decedent’s estate, commenced this action against Concourse in the Supreme Court, Bronx County. The complaint alleged, inter alia, causes of action to recover damages for *773 wrongful death, negligence, and violations of the Public Health Law. Concourse served and filed an answer raising the venue selection clause as an affirmative defense. On the same date, Concourse served the plaintiff with a written demand to change venue (see CPLR 511 [a], [b]). The plaintiff denied Concourse’s demand. Since the denial was not in the form of an “affidavit showing either that the county specified by the defendant is not proper or that the county designated by [the plaintiff] is proper” (CPLR 511 [b]), Concourse thereafter moved pursuant to, inter alia, CPLR 501 in the Supreme Court, Westchester County (see CPLR 511 [b]), to transfer venue of this action from Bronx County to Westchester County. The Supreme Court granted the defendant’s motion, and the plaintiff appeals.
The plaintiffs claim that the forum selection clause should not be upheld because this is a tort action and not a breach of contract action is without merit. The applicability of a forum selection clause does not depend on the nature of the underlying action. This Court has upheld nonnegotiated forum selection clauses contained in various contracts even where the underlying action was a personal injury action or medical malpractice action (see Bernstein v Wysoki, 77 AD3d 241, 250 [2010]; Lischinskaya v Carnival Corp., 56 AD3d 116, 118 [2008]; Hunt v Landers, 309 AD2d 900, 901 [2003]). Rather, it is the language of the forum selection clause itself that determines which claims fall within its scope (see Bernstein v Wysoki, 11 AD3d at 250). Here, the contract provision reciting that “[a]ny and all actions arising out of or related to th[e] Agreement” includes the causes of action in this action (see Public Adm’r Bronx County v Montefiore Med. Ctr., 93 AD3d 620, 621 [2012]; Lischinskaya v Carnival Corp., 56 AD3d at 118), which are predicated on the care rendered by Concourse to the decedent pursuant to the terms of the admission agreement.
Furthermore, the plaintiff failed to show that the forum selection clause was unreasonable or unjust, or that a trial in Westchester County would be so gravely difficult that, for all practical purposes, she would be deprived of her day in court. Also, the plaintiff did not allege, or demonstrate, that the forum selection clause was the result of fraud or overreaching. Under these circumstances, the plaintiff failed to make any showing that the forum selection clause should be set aside (see Pratik Apparels, Ltd. v Shintex Apparel Group, Inc., 96 AD3d 922, 923 [2012]).
Accordingly, the Supreme Court correctly granted the defendant’s motion to change the venue of the action from Bronx County to Westchester County.
Rivera, J.P, Chambers, Austin and Duffy, JJ., concur.