■ LANDMARK VENTURES, INC., Appellant, v DORON BIRGER, Respondent. [48 NYS3d 315]—

Judgment, Supreme Court, New York County (Eileen A. Rakower, J.), entered July 20, 2015, dismissing the amended verified complaint, unanimously affirmed, with costs.

"[A] contractual forum selection clause is documentary evidence that may provide a proper basis for dismissal pursuant to CPLR 3211 (a) (1)" (*Lischinskaya v Carnival Corp.*, 56 AD3d 116, 123 [2d Dept 2008] [citations omitted], *lv denied* 12 NY3d 716 [2009]; *see also Sydney Attractions Group Pty Ltd. v Schulman*, 74 AD3d 476 [1st Dept 2010]).

The forum selection clause in the 2012 supplement to the parties' 2010 agreement states, "Any disputes between the Parties with relation to or arising out of this Supplement or the [2010] Agreement or breach of any part thereto [sic], or to any matter stemming thereof [sic] will be brought to the suitable jurisdiction of Tel Aviv district." The instant dispute has "relation to" and arises out of the Confidentiality and Intellectual Property Agreement (CIPA), which is part of the 2010 Agree-

ment. Thus, at a minimum, the court properly dismissed the first cause of action, which alleges breach of the CIPA.

Plaintiff contends that it should be allowed to litigate its breach of contract claim in New York because the CIPA chooses New York law. However, a choice of *law* clause is different from a choice of *forum* clause (*see Boss v American Express Fin. Advisors, Inc.*, 6 NY3d 242 [2006]).

Plaintiff also contends that the supplement's forum selection clause does not apply to its tort claims. This argument is unavailing (*see e.g. Couvertier v Concourse Rehabilitation & Nursing, Inc.*, 117 AD3d 772, 773 [2d Dept 2014]; *Erie Ins. Co. of N.Y. v AE Design, Inc.*, 104 AD3d 1319, 1320 [4th Dept 2013], *lv denied* 21 NY3d 859 [2013]).

Since dismissal was proper based on the forum selection clause, we need not reach plaintiff's arguments regarding forum non conveniens (*see Sydney*, 74 AD3d at 477; *see also Lischinskaya*, 56 AD3d at 123-124).

Defendant's argument that plaintiff should be sanctioned for bringing a frivolous appeal is unavailing. Even though the 2012 supplement to the parties' 2010 agreement chose Israel as the forum, plaintiff's commencement of this action in New York was not frivolous (*see Sydney*, 74 AD3d at 476-477).

In light of the foregoing we need not reach the other claims. Concur—Tom, J.P., Sweeny, Renwick, Moskowitz and Kapnick, JJ.