Somerset Fine Home Bldg., Inc. v Simplex Indus., Inc. (2020 NY Slip Op 03817)





Somerset Fine Home Bldg., Inc. v Simplex Indus., Inc.


2020 NY Slip Op 03817


Decided on July 8, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 8, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
JOSEPH J. MALTESE
LINDA CHRISTOPHER
PAUL WOOTEN, JJ.


2019-01242
 (Index No. 615834/18)

[*1]Somerset Fine Home Building, Inc., appellant,
v
Simplex Industries, Inc., respondent.


Charles Gleis, Blue Point, NY, for appellant.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Elizabeth H. Emerson, J.), dated December 14, 2018. The order, insofar as appealed from, granted that branch of the defendant's motion which was pursuant to CPLR 3211(a) to dismiss the complaint and denied, as academic, the plaintiff's cross motion for leave to amend the caption.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
The plaintiff is a home building, home improvement, and home repair company, and the defendant manufactures, ships, and delivers modular homes. On May 16, 2017, the parties entered into a sales contract whereby the defendant agreed to sell a modular home to the plaintiff. The sales contract contained a forum selection clause, which provided that the exclusive forum for an action to enforce the contract or to institute arbitration pursuant to the contract would be the Court of Common Pleas of Lackawanna County, Pennsylvania. The contract also contained an arbitration clause, which provided that all claims and disputes relating to the contract would be subject to arbitration pursuant to Pennsylvania law. The plaintiff entered into a separate contract with William Gambrill and Kaitlyn Gambrill to replace their existing home with a modular home.
On August 10, 2018, the plaintiff commenced this action against the defendant in the Supreme Court, Suffolk County, alleging, inter alia, breach of contract. On October 4, 2018, the defendant moved, inter alia, pursuant to CPLR 3211(a) to dismiss the complaint. The plaintiff cross-moved for leave to amend the caption to add the Gambrills as plaintiffs. In an order dated December 14, 2018, the court granted that branch of the defendant's motion which was pursuant to CPLR 3211(a) to dismiss the complaint and denied, as academic, the plaintiff's cross motion for leave to amend the caption. The plaintiff appeals.
"[P]arties to a contract may freely select a forum which will resolve any disputes over the interpretation or performance of the contract" (Brooke Group v JCH Syndicate 488, 87 NY2d 530, 534). " A contractual forum selection clause is prima facie valid and enforceable unless it is shown by the challenging party to be unreasonable, unjust, in contravention of public policy, invalid due to fraud or overreaching, or it is shown that a trial in the selected forum would be so gravely [*2]difficult that the challenging party would, for all practical purposes, be deprived of its day in court'" (Lifetime Brands, Inc. v Garden Ridge, L.P., 105 AD3d 1011, 1012, quoting Creative Mobile Tech., LLC v Smart Modular Tech., Inc., 97 AD3d 626, 626).
" In general, an unconscionable contract has been defined as one which is so grossly unreasonable as to be unenforcible because of an absence of meaningful choice on the part of one of the parties together with contract terms which are unreasonably favorable to the other party'" (Emigrant Mtge. Co., Inc. v Fitzpatrick, 95 AD3d 1169, 1169-1170, quoting King v Fox, 7 NY3d 181, 191). The doctrine of unconscionability rarely applies in a commercial setting, where the parties are presumed to have equal bargaining power (see Jet Acceptance Corp. v Quest Mexicana S.A. de C.V., 87 AD3d 850, 856; Gillman v Chase Manhattan Bank, 135 AD2d 488, 491, affd 73 NY2d 1).
Here, the plaintiff failed to demonstrate that the forum selection clause was unconscionable (see Emigrant Mtge. Co., Inc. v Fitzpatrick, 95 AD3d at 1170; Horton v Concerns of Police Survivors, Inc., 62 AD3d 836, 837). The plaintiff failed to show that the forum selection clause was unreasonably favorable to the defendant or was the result of " high pressure commercial tactics, inequality of bargaining power, deceptive practices and language in the contract, [or] an imbalance in the understanding and acumen of the parties'" (Emigrant Mtge. Co., Inc. v Fitzpatrick, 95 AD3d at 1170, quoting Simar Holding Corp. v GSC, 87 AD3d 688, 689-690 [internal quotation marks omitted]). The plaintiff also failed to show that the forum selection clause was invalid due to fraud (see Lifetime Brands, Inc. v Garden Ridge, L.P., 105 AD3d at 1012). Finally, the plaintiff offered no evidence that the cost of traveling to Pennsylvania would be so financially prohibitive that it would, for all practical purposes, be deprived of its day in court (see Horton v Concerns of Police Survivors, Inc., 62 AD3d at 837).
Since we agree with the Supreme Court's determination that the forum selection clause, which provides that the Court of Common Pleas of Lackawanna County, Pennsylvania, is the exclusive forum for an action to enforce the contract or to institute arbitration pursuant to the contract, is valid, we need not reach the plaintiff's contentions regarding the enforceability of the arbitration provision.
Accordingly, we agree with the Supreme Court's determination to grant that branch of the defendant's motion which was pursuant to CPLR 3211(a) to dismiss the complaint and to deny, as academic, the plaintiff's cross motion for leave to amend the caption.
CHAMBERS, J.P., MALTESE, CHRISTOPHER and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court