Future Star Hosp.ity Advisors, LLC v LaFrieda Veal & Lamb Co., Inc. (2022 NY Slip Op 01735)





Future Star Hosp.ity Advisors, LLC v LaFrieda Veal & Lamb Co., Inc.


2022 NY Slip Op 01735


Decided on March 15, 2022


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 15, 2022

Before: Webber, J.P., Moulton, Kennedy, Mendez, Pitt, JJ. 


Index No. 652471/20 Appeal No. 15510 Case No. 2021-02082 

[*1]Future Star Hospitality Advisors, LLC, Plaintiff-Appellant,
v
LaFrieda Veal & Lamb Co., Inc., Defendant-Respondent.


Garson, Segal, Steinmetz, Fladgate LLP, New York (Robert Garson of counsel), for appellant.
Greenberg Traurig LLP, New York (Louis Smith and Rebecca Zisek of counsel), for respondent.



Order, Supreme Court, New York County (Barry R. Ostrager, J.), entered May 7, 2021, which granted defendant's motion to dismiss the amended complaint, unanimously affirmed, without costs.
The motion court correctly found that the breach of contract claim in the original complaint fell squarely within the "business opportunity" provision of the statute of frauds (General Obligations Law § 5-701[a][10]), and that the quasi-contractual claims of quantum meruit and unjust enrichment in the amended complaint were simply repackaged versions of the dismissed breach of contract claim. Plaintiff is not permitted to pursue quasi-contractual claims for the sole purpose of circumventing the statute of frauds (see Minichiello v Royal Bus. Funds Corp., 18 NY2d 521, 525 [1966], cert denied 389 US 820 [1967]; General Obligations Law § 5-701[a][10] ["[t]his provision shall apply to a contract implied in fact or in law to pay reasonable compensation"]).
Plaintiff's promissory estoppel claim is also flawed in multiple respects. The amended complaint failed to properly allege the elements of promissory estoppel (see MatlinPatterson ATA Holdings LLC v Federal Express Corp., 87 AD3d 836, 841-842 [1st Dept 2011], lv denied 21 NY3d 853 [2013]). Furthermore, like the quasi-contractual claims, the promissory estoppel cause of action relied on the same exhibits, factual allegations, and damages as the deficient breach of contract claim, and thus was barred by the statue of frauds. Where a party's alleged injury is simply that the breaching party failed to perform, there is no reason to preclude the enforcement of the statute of frauds and to sustain a claim for promissory estoppel (see e.g. Youz Films v Just Born, Inc., 69 AD2d 778 [1st Dept 1979]; Carvel Corp. v Nicolini, 144 AD2d 611, 612-613 [2d Dept 1988]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 15, 2022