BHRE Group, LLC v Boger (2023 NY Slip Op 02639)

BHRE Group, LLC v Boger

2023 NY Slip Op 02639

Decided on May 17, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 17, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
PAUL WOOTEN
JOSEPH A. ZAYAS
BARRY E. WARHIT, JJ.

2020-06777
 (Index No. 702627/20)

[*1]BHRE Group, LLC, et al., appellants,
v
Yitzhak Boger, et al., respondents. Reiss Sheppe LLP, New York, NY (Matthew Sheppe of counsel), for appellants.

Pearl Cohen Zedek Latzer Baratz LLP, New York, NY (Veronica Mullally-Munoz of counsel), for respondents.

DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the plaintiffs appeal from an order of the Supreme Court, Queens County (Timothy J. Dufficy, J.), entered August 14, 2020. The order, insofar as appealed from, granted that branch of the defendants' motion which was pursuant to CPLR 3211(a)(1) to dismiss the complaint.
ORDERED that the order is affirmed insofar as appealed from, with costs.
The plaintiffs commenced this action, inter alia, to recover damages for breach of contract against the defendants, who were investors in the plaintiff 404 Grand Investors, LLC (hereinafter Grand Investors), a limited liability company formed to hold title to certain real property in New York City. The plaintiffs alleged, among other things, that the defendants breached their obligations under the operating agreement for Grand Investors by, inter alia, commencing an action in Israel (hereinafter the Israel action) against the principals of the plaintiff BHRE Group, LLC (hereinafter BHRE Group), a member of Grand Investors, based upon an alleged breach of the operating agreement. The plaintiffs further alleged that the defendants commenced the Israel action to "avoid [their] obligations under the Operating Agreement," and "force" the principals of BHRE Group to return the defendants' investments.
Thereafter, the defendants moved, inter alia, pursuant to CPLR 3211(a)(1) to dismiss the complaint. In support of the motion, the defendants submitted, among other things, a subscription agreement setting forth the terms of the defendants' interests and obligations with respect to Grand Investors. While the operating agreement provided that it was governed by the laws of Delaware, the subscription agreement stated that it was governed by the laws of Israel and that "[a]ny disputes with respect hereto shall be subject to the exclusive jurisdiction of competent courts located in Tel-Aviv, Israel." The subscription agreement also referenced the terms of the operating agreement, and stated that the subscription agreement, an accompanying "Term Sheet," and the operating agreement "contain the entire agreement of the parties with respect to the subject matter hereof." The defendants argued that the forum selection clause in the subscription agreement required the plaintiffs to bring the subject action in Israel, and thus, dismissal was warranted. In an order entered August 14, 2020, the Supreme Court, inter alia, granted that branch of the defendants' motion which was pursuant to CPLR 3211(a)(1) to dismiss the complaint. The plaintiffs appeal.
"'Under CPLR 3211(a)(1), a dismissal is warranted only if the documentary evidence submitted conclusively establishes a defense to the asserted claims as a matter of law'" (Houtenbos v Fordune Assn., Inc., 200 AD3d 662, 665, quoting Leon v Martinez, 84 NY2d 83, 88). "'[A] contractual forum selection clause is documentary evidence that may provide a proper basis for dismissal pursuant to CPLR 3211(a)(1)'" (Landmark Ventures, Inc. v Birger, 147 AD3d 497, 497, quoting Lischinskaya v Carnival Corp., 56 AD3d 116, 123).
"A contractual forum selection clause is prima facie valid and enforceable unless it is shown by the challenging party to be unreasonable, unjust, in contravention of public policy, invalid due to fraud or overreaching, or it is shown that a trial in the selected forum would be so gravely difficult that the challenging party would, for all practical purposes, be deprived of its day in court" (Somerset Fine Home Bldg., Inc. v Simplex Indus., Inc., 185 AD3d 752, 753 [internal quotation marks omitted]; see Sherrod v Mount Sinai St. Luke's, 204 AD3d 1053, 1054). Thus, "a forum selection clause will be given effect in the absence of a 'strong showing' that it should be set aside" (U.S. Mdse., Inc. v L & R Distribs., Inc., 122 AD3d 613, 614, quoting Horton v Concerns of Police Survivors, Inc., 62 AD3d 836, 836 [internal quotation marks omitted]).
Here, the documentary evidence submitted by the defendants conclusively established that the forum selection clause in the subscription agreement required the plaintiffs to bring the subject action in Israel (see Fritsche v Carnival Corp., 132 AD3d 805). While a forum selection clause was not included in the operating agreement, the subscription agreement referenced the terms of the operating agreement, and provided that the operating and subscription agreements together "contain the entire agreement of the parties with respect to the subject matter hereof." Moreover, both the operating and subscription agreements governed the obligations of the defendant investors at issue in this action. Contrary to the plaintiffs' contention, the provision in the operating agreement providing that Delaware law applied to the interpretation of that agreement did not preclude the application of the forum selection clause (see Boss v American Express Fin. Advisors, Inc., 6 NY3d 242; Landmark Ventures, Inc. v Birger, 147 AD3d at 498). Further, the plaintiffs failed to make the requisite "strong showing" that the forum selection clause should not be enforced (Horton v Concerns of Police Survivors, Inc., 62 AD3d at 836-837).
The plaintiffs' remaining contentions are without merit.
Accordingly, the Supreme Court properly granted that branch of the defendants' motion which was pursuant to CPLR 3211(a)(1) to dismiss the complaint.
CONNOLLY, J.P., WOOTEN, ZAYAS and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court