Patrick Capital Mkts., LLC v Rabina Props., LLC (2024 NY Slip Op 01613)

Patrick Capital Mkts., LLC v Rabina Props., LLC

2024 NY Slip Op 01613

Decided on March 21, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 21, 2024

Before: Oing, J.P., Kapnick, Shulman, Rodriguez, O'Neill Levy, JJ. 

Index No. 652542/22 Appeal No. 1903 Case No. 2023-01280 

[*1]Patrick Capital Markets, LLC, Plaintiff-Appellant,
v
Rabina Properties, LLC, et al., Defendants-Respondents.

Beattie Padovano, LLC, Nyack (Martin R. Kafafian of counsel), for appellant.
Herrick Feinstein LLP, New York (K. Heather Robinson of counsel), for respondents.

Order, Supreme Court, New York County (Jennifer G. Schecter, J.), entered on or about February 1, 2023, which granted defendants' motion to dismiss the complaint with prejudice, unanimously affirmed, without costs.
The motion court properly dismissed plaintiff's breach of contract claims, as the statute of frauds requires that finder's fee arrangements be in writing (see General Obligations Law § 5-701[a][10]; Snyder v Bronfman, 13 NY3d 504, 510 [2009]). It is undisputed that the parties did not memorialize any arrangement between them with respect to the 520 Fifth Avenue project in a signed agreement. Nor is any exception available to the requirement of a signed writing (Richardson v Lucas, Inc. v New York Athletic Club of City of N.Y., 304 AD2d 462, 463 [1st Dept 2003]).
Plaintiff's argument that the statute of frauds does not apply because the parties modified an earlier Placement Agreement to cover the 520 Fifth Avenue project, and thus the action is governed by the Placement Agreement and its choice-of-law provision, which provides for Delaware law, is not persuasive. Plaintiff attempts to tether its claims to the Placement Agreement because Delaware law does not require that finder's fee arrangements be in writing. However, even giving full weight to plaintiff's reasoning that the Placement Agreement applies, the Placement Agreement's forum selection provision independently compels dismissal (see Landmark Ventures, Inc. v Birger, 147 AD3d 497, 497 [1st Dept 2017]). There is no basis for upholding the Placement Agreement's choice of law provision (providing for Delaware law), but not also upholding its forum selection clause (providing for a Delaware forum).
Regardless, the record establishes that the parties did not modify the Placement Agreement, and that the Placement Agreement does not control. Not only was the Placement Agreement between different parties, but it also related to different eligible funds, applied to different potential investors, and had different payment terms. Any agreement between the parties as it related to an investment in the 520 Fifth Avenue project would have been subject to a standalone agreement — not a modification of the Placement Agreement. Plaintiff's reliance on various emails to support the argument that the Placement Agreement was modified is misplaced because those communications are not unequivocally referable to the existence of a modification of that agreement. Furthermore, even if the parties were inclined to modify the Placement Agreement, it is uncontested that the Placement Agreement was a fully integrated contract which prohibited amendment or modification absent a writing. The motion court properly found that there was no written modification of the Placement Agreement, nor did the parties waive the requirement of a signed writing.
Plaintiff's repackaging of its breach of contract claims under quasi-contractual theories does not overcome the statute of frauds (see Future Star Hospitality [*2]Advisors, LLC v LaFrieda Veal & Lamb Co., Inc., 203 AD3d 509 [1st Dept 2022]). This issue has been addressed directly by the Court of Appeals, which has held that "quantum meruit and unjust enrichment claims brought to recover the value of plaintiff's services in helping to achieve a corporate acquisition are barred by the statute of frauds contained in General Obligations Law 5-701(a)(10)" (Snyder, 13 NY3d at 506).
The motion court also properly dismissed plaintiff's promissory estoppel claim
(see Schroeder v Pinterest Inc., 133 AD3d 12, 32 [1st Dept 2015]). The motion court properly found that plaintiff did not allege a clear and unambiguous promise that it could have reasonably relied upon to its detriment. Further, promissory estoppel is not an exception to the statute of frauds where, as here, a party's claimed injury is simply that the allegedly breaching party failed to perform the agreement (see Future Star Hospitality Advisors LLC, 203 AD3d at 509-510).
We have considered plaintiff's remaining contentions and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 21, 2024