Westchester Fitness, LLC v Retrofitness, LLC

2026 NY Slip Op 02870

May 6, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Westchester Fitness, LLC, et al., appellants,

v

Retrofitness, LLC, et al., respondents, et al., defendants.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on May 6, 2026

2021-05695, (Index No. 600083/20)

Francesca E. Connolly, J.P.

Cheryl E. Chambers

Helen Voutsinas

Elena Goldberg Velazquez, JJ.

Holly S. Falkowitz, named herein as Holly Wallman, Centerport, NY, appellant pro se and for appellants Westchester Fitness, LLC, and Jason Wallman.

Wilson Elser Moskowitz Edelman & Dicker LLP, Garden City, NY (Kathleen G. Williams of counsel), for respondents.

Skolnick Legal Group, P.C., New York, NY (Martin P. Skolnick of counsel), for defendants Bi County Commons, LLC, and Milbrook Properties, Ltd.

[*1]

DECISION & ORDER

In an action, inter alia, to recover damages for breach of contract, the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Elizabeth Hazlitt Emerson, J.), dated June 17, 2021. The order granted that branch of the motion of the defendants Retrofitness, LLC, and Robert Sprechman which was pursuant to CPLR 3211(a) to dismiss the amended complaint insofar as asserted against them.

ORDERED that the order is modified, on the law, by deleting the provision thereof granting those branches of the motion of the defendants Retrofitness, LLC, and Robert Sprechman which were pursuant to CPLR 3211(a) to dismiss the seventh, eighth, ninth, tenth, and eleventh causes of action insofar as asserted against them, and substituting therefor a provision denying those branches of the motion; as so modified, the order is affirmed, without costs or disbursements.

In 2009, the plaintiff Westchester Fitness, LLC, entered into a franchise agreement with the defendant Retrofitness, LLC (hereinafter Retrofitness), to establish and operate a Retrofitness franchise outlet. The franchise agreement contained a forum selection clause, providing, in relevant part, that the parties "expressly agree to the exclusive jurisdiction and venue of the State Superior Court in Monmouth County, New Jersey, and the jurisdiction and venue of the United States District Court for the District of New Jersey."

The franchise agreement expired in September 2019. Shortly thereafter, Retrofitness, among others, commenced an action in the Superior Court of New Jersey against Westchester Fitness, LLC, and Holly Wallman, inter alia, to recover damages for breach of the franchise agreement, including its post-expiration rights and obligations. In January 2020, while that action was pending, Westchester Fitness, LLC, commenced this action in the Supreme Court, Suffolk County, alleging, among other things, that Retrofitness had breached the franchise agreement.

In February 2020, Retrofitness and the defendant Robert Sprechman (hereinafter [*2]together the Retrofitness defendants) removed the present action to the United States District Court for the Eastern District of New York. At the same time, the parties were engaged in settlement negotiations in connection with the New Jersey action. Although the parties allegedly reached a settlement agreement, in June 2020, Retrofitness advised the court in the New Jersey action that the parties had failed to reach a settlement. The parties' subsequent negotiations were unsuccessful.

In February 2021, the United States District Court for the Eastern District of New York determined that it lacked subject matter jurisdiction and remanded this action to the Supreme Court, Suffolk County. In March 2021, the plaintiffs amended their complaint by adding Holly Wallman and Jason Wallman as plaintiffs, adding two defendants, and adding causes of action, inter alia, to recover damages arising from the purported settlement agreements. Subsequently, the Retrofitness defendants moved, among other things, pursuant to CPLR 3211(a) to dismiss the amended complaint insofar as asserted against them based on the forum selection clause in favor of New Jersey contained in the franchise agreement. In an order dated June 17, 2021, the Supreme Court granted that branch of the Retrofitness defendants' motion. The plaintiffs appeal.

"'Under CPLR 3211(a)(1), a dismissal is warranted only if the documentary evidence submitted conclusively establishes a defense to the asserted claims as a matter of law'" (Houtenbos v Fordune Assn., Inc., 200 AD3d 662, 665, quoting Leon v Martinez, 84 NY2d 83, 88). "'[A] contractual forum selection clause is documentary evidence that may provide a proper basis for dismissal pursuant to CPLR 3211(a)(1)'" (Landmark Ventures, Inc. v Birger, 147 AD3d 497, 497, quoting Lischinskaya v Carnival Corp., 56 AD3d 116, 123). "'[P]arties to a contract may freely select a forum which will resolve any disputes over the interpretation or performance of the contract'" (Somerset Fine Home Bldg., Inc. v Simplex Indus., Inc., 185 AD3d 752, 753, quoting Brooke Group v JCH Syndicate 488, 87 NY2d 530, 534). "A contractual forum selection clause is prima facie valid and enforceable unless it is shown by the challenging party to be unreasonable, unjust, in contravention of public policy, invalid due to fraud or overreaching, or it is shown that a trial in the selected forum would be so gravely difficult that the challenging party would, for all practical purposes, be deprived of its day in court" (Stravalle v Land Cargo, Inc., 39 AD3d 735, 736 [internal quotation marks omitted]; see Lubart v Sea Crest Acquisition I, LLC, 236 AD3d 1011, 1012; Air-Sea Packing Group, Inc. v Applied Underwriters, Inc., 228 AD3d 20, 25). Thus, a forum selection clause will be given effect in the absence of a "strong showing" that it should be set aside (BHRE Group, LLC v Boger, 216 AD3d 898, 900 [internal quotation marks omitted]; see Horton v Concerns of Police Survivors, Inc., 62 AD3d 836, 836).

Contrary to the plaintiffs' contention, they failed to make the requisite strong showing that the forum selection clause should not be enforced (see Horton v Concerns of Police Survivors, Inc., 62 AD3d at 836-837). Specifically, the plaintiffs failed to demonstrate that the forum selection clause was unconscionable (see Somerset Fine Home Bldg., Inc. v Simplex Indus., Inc., 185 AD3d at 753). The plaintiffs failed to show that the forum selection clause was unreasonably favorable to the Retrofitness defendants or was the result of "high pressure commercial tactics, inequality of bargaining power, deceptive practices and language in the contract, [or] an imbalance in the understanding and acumen of the parties" (id. at 754 [internal quotation marks omitted]; see Puleo v Shore View Ctr. for Rehabilitation & Health Care, 132 AD3d 651, 652). Further, the plaintiffs' general allegations of fraud relating to the franchise agreement were insufficient to render the forum selection clause unenforceable for the purpose of this action (see Creative Mobile Tech., LLC v Smart Modular Tech., Inc., 97 AD3d 626, 626-627; cf. DeSola Group v Coors Brewing Co., 199 AD2d 141, 142). Finally, the plaintiffs offered no evidence that a trial in the selected forum would be so gravely difficult that the plaintiffs would, for all practical purposes, be deprived of their day in court (see Somerset Fine Home Bldg., Inc. v Simplex Indus., Inc., 185 AD3d at 753; Puleo v Shore View Ctr. for Rehabilitation & Health Care, 132 AD3d at 652).

"The applicability of a forum selection clause does not depend on the nature of the underlying action" (Couvertier v Concourse Rehabilitation & Nursing, Inc., 117 AD3d 772, 773; see Bernstein v Wysoki, 77 AD3d 241, 248). "Rather, it is the language of the forum selection clause itself that determines which claims fall within its scope" (Couvertier v Concourse Rehabilitation & Nursing, Inc., 117 AD3d at 773; see Bernstein v Wysoki, 77 AD3d at 248).

Here, the first through sixth and twelfth causes of action are subject to the language of the forum selection clause and must be brought in the appropriate forum (see Couvertier v Concourse Rehabilitation & Nursing, Inc., 117 AD3d at 773; Bernstein v Wysoki, 77 AD3d at 248). However, as the seventh, eighth, ninth, tenth, and eleventh causes of action do not arise out of the franchise agreement, the forum selection clause does not apply (see Lesavoy v Brady, 242 AD3d 856, 859; cf. Couvertier v Concourse Rehabilitation & Nursing, Inc., 117 AD3d at 773).

Further, contrary to the plaintiffs' contentions, the Retrofitness defendants' participation in this litigation did not waive the defense afforded by the forum selection clause (see Lischinskaya v Carnival Corp., 56 AD3d at 119).

The parties' remaining contentions are not properly before this Court.

CONNOLLY, J.P., CHAMBERS, VOUTSINAS and GOLDBERG VELAZQUEZ, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court