■ DeSola Group, Inc., Appellant, v Coors Brewing Company, Respondent. [605 NYS2d 83] —Order, Supreme Court, New York County (Joan B. Lobis, J.), entered November 13, 1992, which granted defendant's motion to dismiss the complaint pursuant to CPLR 3211 (a) (2) and 501, unanimously reversed, on the law, and the complaint is reinstated, with costs.

The IAS Court erred in granting defendant's motion to dismiss the complaint on the ground that plaintiff is bound by a forum selection clause contained in the Market Research Agreement (hereinafter "the Agreement"), signed by both parties, stipulating that any action pertaining to the Agreement must be commenced and prosecuted in Jefferson County, Colorado.

First, the forum selection clause is inapplicable since plaintiff's complaint does not pertain to the Agreement. By its specific terms, the Agreement applies to "RESEARCHER['S]" provision of "marketing research studies". Plaintiff contends that it had an oral agreement with defendant pursuant to which it was to be paid a monthly retainer of $75,000, plus expenses, for a variety of marketing services, none of which includes market research. Moreover, the complaint makes absolutely no reference to the Agreement which contains the forum selection clause. Further, the IAS Court's reliance on the standard integration clause in the Agreement was misplaced since that clause provides that previous communications concerning only the subject matter of the Agreement (i.e., market research) are superseded.

Even assuming the Agreement is applicable, the forum selection clause contained therein is unenforceable since the record is replete with allegations indicating that the entire Agreement was permeated with fraud. Plaintiff claims that the Agreement was not intended to constitute a binding contract between the parties and that defendant represented that the sole purpose of the Agreement was to provide a billing number for accounting purposes so that plaintiff could be paid. Lending credence to this argument is the fact, as stated above, that the Agreement does not describe the very services plaintiff had been hired to provide (i.e., market analysis), but rather, pertains to market research. Since plaintiff's allegations of fraud pervading the Agreement would render the entire Agreement void, the forum selection clause con-

tained therein is unenforceable *(Telford v Metropolitan Life Ins. Co.,* 223 App Div 175, *affd* 250 NY 528). Contrary to the IAS Court's finding that the forum selection clause was valid since plaintiff did not allege that the clause itself was obtained by fraud *(see, Rokeby-Johnson v Kentucky Agric. Energy Corp.,* 108 AD2d 336), where a party alleges that a contract is void *ab initio,* the doctrine of separable contracts is inapplicable *(see, Matter of Weinrott [Carp],* 32 NY2d 190). Concur—Wallach, J. P., Kupferman, Ross, Kassal and Nardelli, JJ.