■ PUBLIC ADMINISTRATOR BRONX COUNTY, Appellant, v MONTEFIORE MEDICAL CENTER et al., Respondents. [941 NYS2d 104]—

Order, Supreme Court, Bronx County (Douglas E. McKeon,

J.), entered July 25, 2011, which, in this action to recover damages arising out of defendants' alleged negligence and medical malpractice while decedent was a patient at their facilities, granted defendant Morningside's motion and defendant Montefiore's cross motion to change venue from Bronx County to Westchester County, unanimously affirmed, without costs.

The forum selection clauses in the admission agreements at issue provide that "[a]ny and all actions arising out of or related to th[e] Agreement[s] shall be brought in . . . Westchester County." Because this action arises out of or relates to Morningside's duties and obligations under the agreements, the clauses apply and thus venue was properly transferred to Westchester County (*see Buhler v French Woods Festival of Performing Arts*, 154 AD3d 303 [1989]; *cf. De La Cruz v Caddell Dry Dock & Repair Co., Inc.*, 56 AD3d 365, 366 [2008]). Plaintiff has failed to show that enforcement of the forum selection clauses would violate public policy or that a trial in Westchester County would be so impracticable and inconvenient that he would be deprived of his day in court (*see Bank Hapoalim [Switzerland] Ltd. v Banca Intesa S.p.A.*, 26 AD3d 286, 288 [2006]; *cf. Yoshida v PC Tech U.S.A. & You-Ri, Inc.*, 22 AD3d 373 [2005]). Moreover, there is no allegation that the agreements at issue were the result of fraud or overreaching (*cf. DeSola Group v Coors Brewing Co.*, 199 AD2d 141, 141-142 [1993]). Although defendant Montefiore was not a party to the agreements, in order to avoid inconsistent verdicts, the entire action was properly transferred to Westchester County (*see Woodhouse v Orangetown Pediatrics*, 213 AD2d 362 [1995]). Concur—Tom, J.P., DeGrasse, Freedman, Richter and Román, JJ.

---

Motion to strike plaintiff's record and brief and to dismiss the appeal, granted to the extent of striking pages 108 through 169 from the record and those points in plaintiff's brief with no factual basis, and otherwise denied.