Order, Supreme Court, Bronx County (Stanley Green, J.), entered August 5, 2013, which, in this action arising out of defendants’ alleged negligence in caring for a nursing-home patient, denied defendant-appellant’s motion to change venue from Bronx County to Westchester County based on a venue-selection clause in an admission agreement signed by plaintiff as attorney-in-fact for her grandmother, unanimously reversed, on the law, without costs, and the motion granted.
The motion court improperly determined that the venue-selection clause is inapplicable because many of the acts or omissions complained of occurred before the execution of the agreement. The clause does not limit its applicability to acts or omissions occurring after the execution of the agreement. *634 Rather, it merely requires that any actions arise from or relate to the agreement. Since this action arises out of or relates to the duties and obligations under the agreement, the venue-selection clause applies, and defendant’s motion should have been granted (see Public Adm’r Bronx County v Montefiore Med. Ctr., 93 AD3d 620, 621 [1st Dept 2012]). Moreover, since defendant moved to change venue based on the written agreement (see CPLR 501), it was not required to serve a written demand for a change of venue with or prior to its answer before making the motion, and the motion needed only to be made “within a reasonable time after commencement of the action,” as it was here (CPLR 511 [a]; Hendrickson v Birchwood Nursing Home Partnership, 26 AD3d 187, 187 [1st Dept 2006]). The motion court properly rejected plaintiff’s conclusory assertions that the venue-selection clause violates public policy. Further, there is no evidence of fraud in the execution of the agreement, particularly since plaintiff, as attorney-in-fact for her grandmother, could have, and by signing the agreement indicated that she had, read the agreement, understood it, and agreed to be legally bound by it, none of which she expressly denies.
We have examined plaintiffs remaining arguments and find them unavailing.
Concur—Sweeny, J.P, Acosta, Saxe, ManzanetDaniels and Clark, JJ.