Martin v Workmen's Circle Multicare Ctr. (2019 NY Slip Op 02647)





Martin v Workmen's Circle Multicare Ctr.


2019 NY Slip Op 02647


Decided on April 4, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 4, 2019

Friedman, J.P., Gische, Kapnick, Webber, Gesmer, JJ.


8928N 31815/17E

[*1] Elaine Martin, individually and Elaine Martin as Administatrix of the Estate of Lloyd Martin, deceased, Plaintiff-Appellant,
v
Workmen's Circle Multicare Center, et al., Defendants-Respondents, Tamara Erlikh, M.D., et al., Defendants.


Wallace & Associates, P.C., Brooklyn (Larry Wallace of counsel), for appellant.
Sheeley LLP, New York (Gayle Halevy of counsel), for respondents.



Order, Supreme Court, Bronx County (Joseph Capella, J.), entered September 10, 2018, which granted defendants- respondents' motion seeking a change of venue of the action from Bronx County to Nassau County, unanimously affirmed, without costs.
The motion court properly applied the venue selection clause in the admission agreement for defendants-respondents' nursing home and dialysis facility (see Medina v Gold Crest Care Ctr., Inc., 117 AD3d 633 [1st Dept 2014]; Public Adm'r Bronx County v Montefiore Med. Ctr., 93 AD3d 620, 621 [1st Dept 2012]; Puleo v Shore View Ctr. for Rehabilitation & Health Care, 132 AD3d 651, 652 [2d Dept 2015]). The motion court properly rejected plaintiff's conclusory assertions that the venue-selection clause violates public policy, New York State Department of Health Regulations and CPLR 501 (see Medina, 117 AD3d 633-634). Further, there is no evidence of fraud or overreaching in the execution of the agreement (see British W. Indies Guar. Trust Co. v Banque Internationale A Luxembourg, 172 AD2d 234 [1st Dept 1991]). Nor was plaintiff denied her day in court by transferring venue from Bronx to Nassau County (see e.g. Bhonlay v Raquette Lake Camps, Inc., 120 AD3d 1015 [1st Dept 2014]; see also e.g. Public Adm'r Bronx County, 93 AD3d 620).
We have considered plaintiff's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 4, 2019
CLERK