Massoumi v Ganju (2022 NY Slip Op 02760)

Massoumi v Ganju

2022 NY Slip Op 02760

Decided on April 26, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 26, 2022

Before: Renwick, J.P., Kapnick, Gesmer, Moulton, Shulman, JJ. 

Index No. 654289/20 Appeal No. 15795-15795A Case No. 2021-00531 

[*1]Cyrus Massoumi, Plaintiff-Appellant,
v
Nikhil Ganju et al., Defendants-Respondents.

Lupkin PLLC, New York (Jonathan D. Lupkin of counsel), and Williams & Connolly LLP, New York (Whitney D. Hermandorfer of the bar of the District of Columbia, admitted pro hac vice, of counsel), for appellant.
Orrick, Herrington & Sutcliffe LLP, New York (William Foley of counsel), and Orrick, Herrington & Sutcliffe LLP, San Francisco, CA (James N. Kramer of the bar of the State of California, admitted pro hac vice, of counsel), for respondents.

Judgment, Supreme Court, New York County (Jennifer G. Schecter, J.), entered January 6, 2021, dismissing the complaint, and bringing up for review an order, same court and Justice, entered December 23, 2020, which granted defendants' motion to dismiss, unanimously reversed, on the law, with costs, the judgment vacated, the complaint reinstated, and the motion denied.
Plaintiff is the co-founder, former Chief Executive Officer and board member of non-party Zocdoc, Inc. (Zocdoc), a Delaware corporation with its principal place of business in New York. In September 2020, he commenced this action against defendants Oliver Kharraz, Nikhil Ganju (Zocdoc co-founders and officers), and Netta Samroengraja (Zocdoc executive) alleging fraud and conspiracy to commit fraud and seeking damages and declaratory relief, inter alia, restoring him to his former executive and board member positions. He also sought to invalidate Amendment No. 4 to the bylaws, proposed in his absence, which purported to make the Court of Chancery of the State of Delaware the exclusive forum for issues governed by the internal affairs doctrine.
In October 2018, plaintiff had signed a Confidentiality and Non-Disclosure Agreement (NDA) in connection with his demand, as a stockholder, to inspect Zocdoc's books and records. The NDA requires that a demanding stockholder who wishes to file a claim based on "Confidential Inspection Material" must do so in Delaware. It further notes that:
"Confidential Inspection Material shall not include information that: (a) is or becomes generally available to the public other than as a breach of this Agreement by the Demanding Stockholder or its agents or representatives; (b) was available to the Demanding Stockholder on a non-confidential basis prior to its disclosure by the Company [i.e., Zocdoc]; [or] (c) was in the Demanding Stockholder's or any of its agent or representatives' possession prior to its disclosure by the Company"
Defendants moved to dismiss this action pursuant to CPLR 3211(a)(1) and (7), arguing that the forum selection clauses in the NDA and Amendment No. 4 to the bylaws require that plaintiff bring his claims in Delaware. Plaintiff opposed. The motion court granted the motion to the extent of "dismissing the complaint without prejudice to refiling the action in Delaware." We now reverse.
Treating the allegations in the complaint as true, as we must on a motion to dismiss, we find that defendants failed to meet their burden of establishing that the forum selection clause in the NDA applies to this action (see DeSola Group v Coors Brewing Co., 199 AD2d 141 [1st Dept 1993]). The complaint is not based on, does not rely on, and does not incorporate Confidential Inspection Material. Confidential Inspection Material does not include information that plaintiff already possessed prior to signing the NDA. The crux of the complaint concerns actions taken in November 2015 — three years before the NDA — of which plaintiff has personal knowledge[*2]. Furthermore, Confidential Inspection Material does not include public information. The complaint specifically cites to public information to support plaintiff's allegation that nonparty Zocdoc, Inc. has lost value since defendants ousted him as CEO and chairman of the board, thus reducing the value of his Zocdoc shares. Although Zocdoc's entire current bylaws might constitute Confidential Inspection Material, the complaint focuses on the amendments that were passed in November 2015. Those amendments are attached to the minutes of the November 2015 board meeting, which we note, are part of the nonconfidential record on appeal.
Amendment No. 4 to the bylaws (the forum selection bylaw) also does not require dismissal of the complaint. Although plaintiff's claims deal with Zocdoc's internal affairs (see e.g. Hart v General Motors Corp., 129 AD2d 179, 182-183, 185 [1st Dept 1987], lv denied 70 NY2d 608 [1987]), we cannot find, at this stage, as a matter of law, that Amendment No. 4 is valid. If we apply New York law (see Amazing Home Care Servs., LLC v Applied Underwriters Captive Risk Assur. Co. Inc., 191 AD3d 516, 518 [1st Dept 2021]), plaintiff has set forth sufficient allegations that the amendment was part of the fraud perpetrated upon him (see DeSola, 199 AD2d at 141). If we apply Delaware law (see Boilermakers Local 154 Retirement Fund v Chevron Corp., 73 A3d 934, 938 [Del Ch 2013]), we reach the same result because "where a director was tricked or deceived into attending a board meeting the general rule is that actions taken at such a meeting are void" (BÃcker v Palisades Growth Capital II, L.P., 246 A3d 81, 106 [Del 2021] [internal quotation marks, brackets, and ellipsis omitted]; see also Hollinger Intl., Inc. v Black, 844 A2d 1022, 1080 [Del Ch 2004] ["the rule . . . that inequitable action does not become permissible simply because it is legally possible . . . applies to bylaw amendments"], affd 872 A2d 559 [Del 2005]). Unlike the plaintiff in Sylebra Capital Partners Master Fund, Ltd. v Perelman (2020 WL 5989473, 2020 Del Ch LEXIS 312 [Oct. 9, 2020, C.A. No. 2019-0843-JRS]), on which defendants rely, plaintiff has pleaded a claim for fraud.
Defendants contend Amendment No. 4 is valid because Zocdoc's shareholders ratified it. However, "void acts" cannot be cured by shareholder approval (Nevins v Bryan, 885 A2d 233, 245 [Del Ch 2005], affd 884 A2d 512 [Del 2005]). If an action is "the product of fraud," it is void (id. at 253 n 77).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 26, 2022